[Holmes v. Myles.]

# Holmes *v.* Myles.

*Bill in Equity to compel Specific Performance of Contract.*

1. *Vendor and purchaser; option contract; construction as to time.*
   Where in the execution of a contract giving an option to the purchaser of the contract, the owner stipulates said option shall obtain for 20 days, and the contract was executed on the 3d day of the month, the purchaser had the whole of the 23d day of the same month within which to purchase the land and exercise his option.

2. *Same; same; communication of acceptance.*—Where after giving an option for the purchase of lands within a certain time, the owner is away from her home on the day the option expires, and it is not feasible to communicate with her in person, a letter written by the attorneys of the purchaser (to whom the purchaser had given the whole of the purchase money, with which to pay for said lands), addressed to the owner and left at her place of business, announcing the fact that the purchaser had exercised his option, and that they had the purchase money ready to be paid over to said owner, constitutes an acceptance on the part of the purchaser.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The appeal in this case was filed by the appellant, Sibley Holmes, against the appellee, Mrs. M. E. Myles, for the purpose of compelling the defendant to specifically perform a contract for the conveyance of certain lands to the complainant. The contract was made an exhibit to the bill, and was in words and figures as follows:

"KNOW ALL MEN BY THESE PRESENTS, That I, M. E. Myles, for and in consideration of the sum of ten dollars to me in hand paid, the receipt whereof is hereby acknowledged, and the further consideration of the promise of Dr. Sibley Holmes to pay to me the sum

of three dollars per acre for all the lands owned by me in Baldwin County, Alabama, provided the title to same upon examination is found to be perfect, being in all about 1,168 acres,—80 acres of which is pine land, and the balance is hard-wood or swamp-wood lands, and being the property inherited by me from my husband, William Myles, do give and grant unto the said Dr. Sibley Holmes an option for twenty days to purchase said land, or whenever within that period the title has been examined and found to be perfect and a deed to the said property has been executed by me and delivered to the said Dr. Sibley Holmes. The property upon which I hereby give and grant this option cannot be exactly described, but it is expressly intended and understood that it shall include all of the land owned by me in Baldwin County, Alabama. In witness of which I hereunto set my hand and seal this, the 3d day of February, 1903. (Signed) Mrs. M. E. Myles. (Seal). Witnesses: B. Byrne, M. Howard."

The bill averred that on the 23d day of February, 1903, the complainant placed in the hands of his attorney a sum of money more than sufficient to pay for the land upon which the defendant had given an option, and instructed their attorneys to pay said money to the defendant, and to take a deed for the property. That these attorneys of the complainant sought the defendant at her residence in Mobile, and found that she was visiting at Blacksher, in Baldwin County, Alabama, a point fifty miles from Mobile and sixteen miles off the railroad; that thereupon the said attorneys, on February 23, 1903, wrote a letter addressed to the defendant, which they left for her at her place of residence. This letter bearing date of February 23, 1903, was made an exhibit to the bill, and was in words and figures as follows: "Dear Madam:—This is to notify you that Dr. Sibley Holmes with whom you have a contract made on the third day of this month for the sale of certain lands in Baldwin County, Alabama, is now ready to conclude said purchase by payment to you of the entire purchase money in cash, receiving from you a deed for the lands. Certain developments have caused us to deem it proper to

[Holmes v. Myles.]

say to you that this trade will be enforced through the courts if necessary."

The bill further averred .that other demands were made upon defendant for a performance of the contract, and that she failed and refused to execute a deed to said lands; that complainant was willing, able and ready on February 23, 1903, and had been at all times since that date, and at the time of the filing of the bill, to pay the full amount of the purchase money agreed upon in said contract, and in his said bill offered to pay the same. The defendant demurred to the bill as originally filed upon several grounds, among which were the following: "6. Because said complainant, in and by said bill of complaint, does not show that within the said twenty days he availed himself of the option granted to him by this defendant. and purchased from defendant her said lands under the terms and conditions contained in said option. 2. Because it is shown by said bill that the complainant has never tendered to this defendant the purchase money for said lands at any time. 3. Because it is shown by said bill that the complainant did not within the life of said option, notify this defendant that he, complainant, had elected to purchase said lands, and tendered to defendant the purchase money for said lands, and tendered to this defendant a proper deed for her to sign conveying the said lands to the complainant. 4. · Because said bill does not show that said complainant, either in person or by his duly authorized agent, accepted this defendant's offer to sell her said lands, within the time limited by the option granted to the said complainant."

These grounds of demurrer were sustained, and thereupon the complainant amended the bill by striking out certain minor averments, and adding certain other minor averments, which did not make any material difference between the original and amended bill. To the bill as amended the defendant demurred upon substantially the same grounds, and this demurrer was sustained.

The complainant appeals, and assigns as error the rendition of the decree sustaining the demurrers to the original and amended bill.

STEVENS & LYONS, for appellant.—That the contract which is sought to be enforced is a valid obligation, with the force and effect indicated by its terms, is well supported by the following authorities:—*Ross v. Parks,* 93 Ala. 153; *Moses v. McClain,* 82 Ala. 370; *Wailes v. Howison,* 93 Ala. 378; 21 Amer. & Eng. Ency. (2d ed.) p. 926, *et seq.* The acts of appellant averred in the bill show such an exercise by him of the option as concluded the trade and bound appellee to convey.—7 Amer. & Eng. Ency. (2d ed.), p. 134, *et seq; Linn v. McLain,* 80 Ala. 360. No written authority from appellant to his attorneys was necessary in authorizing them to exercise the option for him.—*Moses v. McClain,* 82 Ala. 370. It was not necessary to tender the deed for execution before filing the bill.—*Ashurst v. Peck,* 101 Ala. 499.

It is well settled that if a promisor voluntarily prevents the performance of conditions, he cannot take advantage of the promisee's failure to perform these conditions.—Amer. & Eng. Ency. (2d ed.) p. 123 and note; *Williams v. U. S. Bank,* 2d Peters (U. S.), p. 102; Waterman's Specific Performance, § 446, p. 611; *Root v. Johnson,* 99 Ala. 90; *Southworth v. Smith,* 7 Cushing, 391; *Smith v. Lewis,* 63 Amer. Dec., 180.

L. H. & E. W. FAITH, *contra.*—The agreement required that the deed should be executed within that period of time. So, therefore, this clause of the agreement being a material one, performance thereof could not be waived by either party without the assent of the other. Nor can appellee be required to convey land she did not own, nor less than what she owned.—*Goodlet v. Hansell,* 66 Ala. 151; *Moses v. McClain,* 82 Ala. 370; *Wikle v. McGraw,* 91 Ala. 631. The mere failure to pay the money within the fixed time, terminated the optional rights of appellant.—*Waites v. Howison,* 93 Ala. 378; *Stevens v. Hortzler,* 109 Ala. 428-429; *Richardson v. Hardwick,* 106 U. S. R., 252; *Waterman v. Banks,* 144 U. S. Rep. 394-401. There must be "mutuality as to the remedy as well as the obligation so that the complainant in case of his defection could be compelled to perform," otherwise, the parties will be left to other

remedies.—Fry on Specific Performance, § 286; *Chad-wick r. Chadwick,* 121 Ala. 582, 583; *Irwin v. Bailey,* 72 Ala. 467.

PER CURIAM.—By the option contract complainant had the whole of the 23d day of February, 1903, within which to purchase the land, and that right was not subject to be defeated by any voluntary act on the part of defendant, whether done with intent to defeat the exercise of the option or not. The averments of the bill show that complainant after learning that defendant was at Blacksher, Baldwin county, acted with due promptness in attempting to communicate to her his acceptance of the option. Under the circumstances alleged, the letter left for defendant at her residence constituted an acceptance on the part of the complainant, and this together with his subsequent offer by letter mailed, and his alleged continued readiness and willingness to purchase in accordance with the terms of the option contract, show a case *prima facie,* entitling him to have that contract specifically enforced.

The decree will be reversed and one will be here rendred overruling the demurrer to the bill and allowing defendant thirty days in which to answer.

Reversed, rendered and remanded.

