# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1911.

---

### MRS. LOU E. GUESS v. THOMAS SMITH.

[56 South. 166.]

1. SUMMONS. *Divorce and alimony. Modification of decree. Code 1906, sections 3913, 1673.*

   Where a bill is filed for divorce and alimony a decree for alimony is not void because the summons on which it was rendered failed to inform the defendant, that the bill was one praying for alimony as well as divorce, as it is not necessary under Code 1906, section 3913, for the summons to state the nature and purpose of the bill.

2. SAME.

   A defendant has no right to look to a recital, inserted in the summons, without authority of law, by the officer issuing it, as to the nature of the cause. Resort to the declaration, if a suit at law, or to the bill, if a suit in chancery, is defendant's only source of information as to the nature of the suit against him, on which he is entitled to rely.

(457)

3. DIVORCE AND ALIMONY.  *Decree.  Power of court to modify.*

> Under section 1673, of the Code of 1906, empowering the court
> after granting a divorce and awarding alimony, to change the
> decree on petition and make from time to time such new decree
> as the case may require, such petition may be filed in the original
> case or as an independent petition, but must be filed in the
> court which rendered the original decree.

4. SAME.

> When the alimony awarded a wife is commuted to a lump sum
> to be paid presently, the court cannot after the term under Code
> 1906, section 1673, authorizing the court on petition to change
> the decree, modify the alimony awarded. Such a decree is final
> after the term at which it is rendered.

APPEAL from the chancery court of Attala county.
Hon. J. F. McCool, Chancellor.

Suit by Thomas Smith against Mrs. Lou E. Guess to
set aside a decree awarding alimony. From a decree
overruling a demurrer to the bill, defendant appeals.

Mrs. Lou E. Smith instituted a suit for divorce against
her husband, Thomas Smith, the bill praying for divorce
and alimony. The cause was returnable at the Febru-
ary term of the chancery court. Summons was issued and
executed personally in ample time. The defendant did
not appear, and a decree granting a divorce and alimony
in a stipulated amount was entered; the decree provid-
ing, that on failure to pay the alimony awarded, execu-
tion should issue. Mrs. Smith afterwards married a man
named Guess. She undertook to collect her alimony by
writ of garnishment, whereupon Smith filed a bill seeking
to set aside the decree awarding alimony, alleging that
he did not know that the bill prayed for alimony, and
that the summons which was served upon him only stated
that it was a bill for divorce. There was a demurrer to
the bill, which was overruled, and an appeal granted to
settle the principles of the case.

*Flowers, Fletcher & Whitfield* and *S. L. Dodd*, for ap-
pellant.

*Teat & Niles,* for appellee.

The record being lost in this case the briefs of counsel cannot be given.

ANDERSON, J., delivered the opinion of the court.

The allegations of appellee's bill, charging that appellant's decree for alimony against him was procured by fraud, are wholly insufficient in law, and therefore, if proven, would not entitle appellee to a judgment setting aside such decree.

It is contended that the decree for alimony is void, because the summons on which it was rendered was void in failing to inform the appellee that appellant's bill was one praying for alimony, as well as divorce. The summons in question is in the regular form, except that it commanded the defendant to appear and answer a bill "for divorce now on file," etc. It is not necessary for the summons to state the nature and purpose of the bill. Section 3913, Code of 1906, provides that process, to bring in a defendant either at law or in chancery, shall be a summons, which shall command the officer to summon the defendant to appear and answer on the return day; and section 3920, Code 1906, prescribes the form of summons by publication, as follows: "State of Mississippi. To ——— (the defendant): You are commanded to appear before the chancery court of the county of ———, in said state, on the ——— Monday of ———, A. D. ———, to defend the suit in said court of ——— (and others), wherein you are a defendant. This ——— day of ———, A. D. ———. ———, Clerk."

The fact that the summons in this case undertook to, and did in part, inform the defendant of the nature and cause of the suit, but failed to inform him of its whole object and purpose, did not render it void. All that it is necessary for a summons to contain is what is above set out in the form for a summons by publication, the blanks therein to be properly filled out. If the defendant re-

fuses to obey the command of the summons, it is at his peril. He has no right to look to a recital, inserted in the summons, without authority of law, by the officer issuing it, as to the nature of the cause. Resort to the declaration, if a suit at law, or to the bill, if a suit in chancery, is the defendant's only source of information as to the nature of the suit against him, on which he is entitled to rely.

Section 1673, Code 1906, is as follows: "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require." It will be noticed that the last clause of this statute authorizes the court, rendering the decree for alimony, afterwards, on petition, to change the decree, and from time to time make such new decrees as the case may require.

It is argued that this petition must be filed in the original cause in which the decree for alimony was entered, and cannot be by independent petition, as was filed in this case. We cannot give our assent to the soundness of this proposition. It is necessary only that the petition be filed in the same court rendering the decree for alimony, and this was done in this case. The manner of styling the cause in the petition, and whether it is filed in the original cause, or an independent case is made of it, is wholly immaterial. It may not be filed in another court than the one rendering the decree sought to be altered, because such other court would have no authority as to such a decree.

There was a decree rendered for absolute divorce, and temporary and permanent alimony were commuted to a gross sum of two hundred and fifty dollars, and decreed to be paid at once, awarding execution on failure of payment. Therefore, when this suit was brought, the right of the wife to the alimony decreed had accrued. It was overdue and unpaid. This is not a case of a decree for permanent continuing alimony, to be paid in fixed amounts at stated intervals in the future.

Appellant contends that the court is without authority, under the last clause of section 1673, *supra,* at a subsequent term, to alter or change this decree. Our judgment is this contention is sound, and is supported by the authorities. New York, Illinois, and Nebraska have statutes similar to ours. In *Krauss* v. *Krauss,* 127 App. Div. 740, 111 N. Y. Supp. 788, in passing on the question whether at a subsequent term the court could modify a decree for alimony already accrued, the court said: "It will be observed that under the decree alimony at the rate of fifty dollars per month accrued to the plaintiff. As the 1st day of each month came the plaintiff was entitled to that award of alimony. It became presently due and payable. We are of the opinion that she had a vested right thereto, of which she could not be deprived by any subsequent action of the courts or of the legislature." To the same effect are *Craig* v. *Craig,* 163 Ill. 176, 45 N. E. 153; *Beard* v. *Beard,* 57 Neb. 754, 78 N. W. 255.

When alimony is commuted to a lump sum, to be paid presently, as in this case, in fixing the amount the court takes into consideration the possible remarriage of the wife to a husband able to support her, and any and all other contingencies which might arise. It is a settlement between the husband and the wife as to the interest of the latter in his property, and as to the extent of the husband's duty to contribute to her maintenance and support. The decree is final after the term at which it is rendered.                    *Reversed and remanded.*