**UNITED STATES   v.   REIS et al.**

No. 4806.

United States Court of Appeals,
Tenth Circuit.

July 9, 1954.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Robert N. Anderson and John J. Kelley, Jr., Sp. Assts. to Atty. Gen., and George

---

Templar, U. S. Atty., Arkansas City, Kan., on the brief), for appellant.

Jacob A. Dickinson, Topeka, Kan. (Edward Rooney, David Prager and William W. Dimmitt, Jr., Topeka, Kan., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This appeal involves income tax liability of appellees, A. F. Reis and Pauline Lewis Reis, his wife, for the years 1947, 1948 and 1949. For the purpose of this opinion, reference need be made only to A. F. Reis. A. F. Reis was formerly married to Lula Reis. They were divorced by order of the District Court for Shawnee County, Kansas. The decree in the case dated March 24, 1947, so far as material provided, "It is further considered, ordered, adjudged and decreed * * * that the Defendant have judgment against the Plaintiff for permanent alimony in the sum of Thirty-Six Thousand Dollars ($36,000.00), payable Three Hundred Dollars ($300.00) per month commencing April 1, 1947." Reis made the monthly payments for the years 1947, 1948 and 1949 and deducted the amount thereof from income in his income tax returns for the years in question. The Commissioner determined that the amounts of these payments were not deductible from his gross income. He accordingly charged him therewith and assessed additional income taxes. These taxes were paid. Claims for refund were filed with the Commissioner, which the Commissioner disallowed. This action was then instituted to recover the amount of additional taxes. Judgment was entered for the taxpayers and the Government has appealed.

The correctness of the decision and judgment depend upon whether the alimony payments extended over a period of more than ten years as found by the trial court.[1] The trial court concluded as a matter of law that the language of the decree "payable Three Hundred Dollars ($300.00) per month commencing April 1, 1947" had the effect of making the monthly payments of alimony due on the first day of each month commencing April 1, 1947, but payable without default any time up to and including the last day of the month. If this construction is correct, the time involved is seven days more than ten years and brings the alimony payments within the provision of Section 22(k).

The judgment makes the $36,000 payable $300 per month commencing April 1, 1947. In Ramsdell v. Hulett, 50 Kan. 440, 31 P. 1092, 1093, the Kansas Court said that "Strictly speaking, the words 'per annum' mean 'by the year,' or 'through the year.'" · And in Rhodes v. Mound City Gas, Coal and Oil Co., 80 Kan. 762, 104 P. 851, 852, the court said, "A contract for the payment of money in fixed installments containing no other provision for the time of payment of such installments than that they are to be paid annually is lawfully performed by the payment of a single installment at the end of each year." We think the words "payable Three Hundred Dollars ($300.00) per month" lend themselves to the construction of the court that the $300 was payable during the month and that the words "commencing April 1, 1947" designate the month when the payments began.

It is contended that this construction is inconsistent with the judicial interpretation placed upon the decree by the court which rendered the judgment. On October 8, 1947, the divorced wife filed a motion for an order of court to cite A. F. Reis for contempt for failing to pay to the Clerk of the Court the alimony payment of "$300 which was *due, in accordance with the aforesaid order of said court, on October 1, 1947*."[2] A citation

---

1. Under Section 22(k) of the Internal Revenue Code, 26 U.S.C.A., alimony payments extending over a period of more than ten years are deductible from the income of the husband required to make them.

2. Emphasis supplied.

was issued by the court, directing the ex-husband to appear and show cause why he should not be found guilty of contempt "by failing to pay the $300 *due on the 1st day of October, 1947.*" After a hearing on the citation, the court entered the following order: "And the Court, after having heard the evidence and statements of counsel and being fully advised in the premises, finds that the monthly payments of alimony ordered by this court in its judgment of March 24, 1947, of $300.00 per month, which become due hereafter, should be made by plaintiff to the Clerk of the District Court of Shawnee County, Kansas, *beginning with the payment due November 1, 1947.*"

From this it is argued that all the parties treated Reis as being in default because of his failure to make the payment on October 1. It must be remembered that the original decree did not fix the place of payment. The motion for citation charged that Reis was guilty of contempt in that he failed to pay *to the Clerk of the District Court* the payment due October 1, 1947. Apparently the main bone of contention was the place of payment rather than the date of payment. This was settled by the court providing in its order that future payments beginning with the payment due November 1, 1947, should be made to the Clerk of the District Court.

The word "due" is a word of more than one meaning. It may mean that which is immediately payable, or it may mean a simple indebtedness without reference to time of payment, in which latter sense it is synonymous with "owing", and includes all debts whether payable in praesenti or futuro.[3] There is nothing in the court's subsequent order requiring a holding that this latter was not the sense in which the word "due" was used.

From a consideration of the entire record, we cannot say that the construction which the trial court placed upon the order and judgment of the District Court of Shawnee County is clearly erroneous and the judgment is therefore affirmed.

---

**3.** 28 C.J.S., page 574.