JOHN E. TRACY AND EVELYN P. TRACY, PETITIONERS V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10258–76.     Filed June 5, 1978.

*Lauch M. Magruder, Jr.,* and *Charles L. Brocato,* for the petitioners.

*Gerald W. Hartley,* for the respondent.

STERRETT, *Judge:* Respondent, on August 25, 1976, issued a statutory notice of deficiency in which he determined a deficiency of $2,041.80 for petitioners' taxable year ended December 31, 1971.

Petitioners present two issues for our determination: (1) Whether payment made by John E. Tracy to Jacqueline Wantz Tracy in the amount of $500 per month pursuant to a decree of divorce dated December 18, 1970, is deductible by him under section 215, I.R.C. 1954, and (2) whether amounts paid by John E. Tracy pursuant to such decree in order to furnish Jacqueline Wantz Tracy with a car are deductible by him under section 215.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners John E. and Evelyn P. Tracy, husband and wife, resided in E. Madison, Miss., at the time the petition herein was filed. Petitioners filed their joint Federal income tax return for their taxable year ended December 31, 1971, with the Internal Revenue Service Center, Chamblee, Ga. On their return, a deduction in the amount of $7,540, consisting of $6,000 cash payments to Jacqueline Wantz Tracy and $1,540 lease payments on an automobile, was claimed as alimony. Respondent disal-

lowed this deduction. Evelyn P. Tracy is a party to this action solely because she joined in the filing of this return, and accordingly John E. Tracy will hereinafter be referred to as petitioner.

Petitioner is a licensed attorney. Although he has handled some contractual work, his practice is generally limited to acting as in-house general counsel for Andrew Jackson Life Insurance Co. of which he is chief executive officer. Other than his own divorce petitioner has never been involved with the legal work of a divorce action. Neither is he familiar with tax matters.

Petitioner was formerly married to Jacqueline Wantz Tracy (hereinafter Jacqueline). They were divorced by a judgment of the Civil District Court for the Parish of Orleans, La., dated June 30, 1970.

The Louisiana divorce did not grant alimony or child support although it reserved support payments in the decree. Prior to the Louisiana divorce petitioner and Jacqueline negotiated with respect to monthly payments of $800, but could not agree to the characterization of such payments. Although petitioner made payments of $800 per month, a settlement was never reached nor was an agreement ever put in writing.

The Louisiana judgment of divorce was given full faith and credit by the Chancery Court for the First Judicial District of Hinds County, Miss., in a final decree dated December 18, 1970. The final decree was entered by Chancellor Melvin B. Bishop, now deceased. Melvin B. Bishop had practiced law in Mississippi since his admission to the Mississippi Bar on May 27, 1959. He was appointed to serve as Chancellor of the Fifth Chancery Judicial District of Mississippi, Place Two, by the Governor of Mississippi on August 20, 1970. He was appointed to serve in the place of Judge George William Haynes, who was unable to serve due to illness, until Judge Haynes was able to resume his duties.

The final decree entered by Chancellor Bishop provided, in relevant part, as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Jacqueline Wantz Tracy be, and she is hereby awarded alimony in a lump sum of $60,000.00 payable in 120 monthly installments of not less than $500.00 each, with said monthly installments to commence on January 15, 1971, and to continue on the 15th day of each month thereafter, until the total sum of $60,000.00 shall have been fully paid, and John Edward Tracy is hereby granted the right of prepayment of said lump sum, and in the event of the death of Jacqueline Wantz Tracy, the balance then owing shall be cancelled and be paid by John Edward

Tracy for the benefit of each surviving child of Jacqueline Wantz Tracy, share and share alike.

IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED, that John Edward Tracy shall discharge finally and permanently all claims by Jacqueline Wantz Tracy for interest in or claim to jointly acquired assets and property including a house formerly owned by them in Hinds County, Mississippi, by the payment to her of the sum of $6,000.00 in cash, plus interest accruing on that certain $10,000.00 investment maturing on January 4, 1971, being identified as 7.90% debentures in Federal Credit Banks; that he shall also pay for her benefit health and accident insurance premiums on an insurance policy on the person of Jacqueline Wantz Tracy, individually, in an amount not to exceed $22.00 per month; that he shall also pay for her benefit the sum of $1,000.00 on or before March 1, 1971, as compensation to Waller and Fox, Attorneys at Law, for legal services rendered in behalf of said Jacqueline Wantz Tracy; and he shall convey to her as individual owner all household furnishings and personal property now in her possession in the City of New Orleans, including title to a 1970 Oldsmobile sedan in her possession, however, John Edward Tracy shall delay delivery of such title pending the settlement by him of a lease on said automobile until the duration of said lease, at his option, and until title is actually delivered to the said Jacqueline Wantz Tracy, she shall have the benefit of collision and liability insurance in force on said automobile and shall receive a new set of tires for same as provided in the lease contract; and he shall acquire and deliver to Jacqueline Wantz Tracy, as sole owner, a standard form life insurance policy on his life in the principle amount of $25,000.00 having a level term of not less than 15 years, and said John Edward Tracy shall keep and maintain all insurance premiums due and to become due on said policy for 15 years after issuance, and said policy shall have conversion provisions whereby, after said 15 year period, the said Jacqueline Wantz Tracy, as the owner thereof, shall be privileged to convert said policy and continue paying the premiums thereon, at her option.

In furtherance of petitioner's obligation to provide Jacqueline with title to the automobile referred to in this decree he continued to make monthly payments as required by the terms of the lease. For his taxable year 1971 such payments totaled $1,540.

Petitioner compiled a financial statement for the purpose of establishing his net worth and annual income in conjunction with the Mississippi divorce. This financial statement reflects a net worth of $45,300 as of December 15, 1970.

Jacqueline reported the $500 monthly payments as income for her taxable years 1971 and 1972. Respondent audited her 1971 return. At that time her inclusion of the payments in gross income was not questioned.

On January 8, 1976, petitioner instituted an action in the Chancery Court of the First Judicial District of Hinds County,

Miss., requesting relief from the duty to pay alimony under this decree. On May 14 of that year petitioner filed an amendment to his petition requesting, in the alternative, an equitable reduction in the remaining payments and for a determination that the alimony payments were payable over a period exceeding 10 years. Jacqueline filed a demurrer and an answer to the amended petition. The demurrer was overruled by Chancellor Haynes on November 29, 1976. On November 18, 1976, Jacqueline filed a petition requesting modification of the child support provisions of the final decree.

Chancellor Haynes rendered an opinion on February 22, 1977, modifying Chancellor Bishop's decree of December 18, 1970. Chancellor Haynes entered a decree on March 24, 1977, reflective of his February 22, 1977, opinion. This decree reduced the amount of the monthly payment (though not the lump sum) and increased the per-child amount of child support. In addition, Chancellor Haynes interpreted Mississippi law as allowing for a 30-day period following the due date during which the monthly alimony payment could be made.

## OPINION

### Issue 1. $500 Payments

The first issue for our determination is whether the payments to Jacqueline Wantz Tracy are deductible by petitioner under section 215. In general, section 215 allows the paying spouse to deduct amounts includable in the gross income of the recipient spouse under section 71. Installment payments made in satisfaction of the recipient spouse's property rights are capital in nature and are not covered by section 71. *Thompson v. Commissioner*, 50 T.C. 522, 525 (1968).

Section 71(a)(1) provides that periodic payments made pursuant to a decree of divorce are includable in the recipient spouse's gross income. Section 71(c)(1) excepts from such inclusion "installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree." Section 71(c)(2), however, precludes the application of section 71(c)(1) when such principal sum "is to be paid or may be paid over a period ending more than 10 years from the date of such decree."

Petitioner contends that the payments are deductible because they were made pursuant to the Mississippi decree of divorce

and, although stated in a lump sum, were payable over a period ending more than 10 years from the date of the decree. Respondent counters first,[1] that the payments were not alimony, but a property settlement, and second, that the relevant period is 3 days short of the requisite length.

We do not agree with respondent with respect to his initial contention. Whether payments are made in satisfaction of property rights or for support purposes is a question of fact. *Schwab v. Commissioner*, 52 T.C. 815, 818 (1969), affd. 442 F.2d 40 (7th Cir. 1971). Although the alimony herein is stated in a lump-sum amount and does not terminate with the remarriage of Jacqueline, these factors reflect the bargaining position of the parties to the divorce. See *Hesse v. Commissioner*, 60 T.C. 685, 693 (1973). The $60,000 alimony was given as settlement for marital rights rather than property rights. Jacqueline's property rights were released in exchange for $6,000 cash, the interest accruing on a $10,000 investment, health and accident insurance on her person, attorney's fees of $1,000, a car, and a 15-year, $25,000 insurance policy on petitioner's life. Such alimony is in excess of petitioner's total stated net worth as of the time of the decree. Under Mississippi law the statement of lump-sum alimony is desired by a recipient spouse because, although the amount of the monthly payments may be adjusted, she acquired a vested right to eventually receive the stated amount. See *Guess v. Smith*, 100 Miss. 457, 56 So. 166, 167 (1911). In return for such vested right to that sum the parties to the divorce intended that petitioner deduct the monthly payments. We find these payments to have been in the nature of alimony.

Petitioner presents two arguments in support of his contention that the payments may be made over a period exceeding 10 years from the date of the divorce decree. First, petitioner refers us to the opinion of the Chancery Court of First Judicial District of Hinds County, Miss., dated February 22, 1977, and that court's subsequent decree of March 24, 1977. Therein the court found that the intention of petitioner and Jacqueline at the time of the original decree was to set a lump sum to be paid over a period in excess of 10 years.

There is no question that petitioner and Jacqueline originally

---

[1] In briefs that seem unnecessarily strident.

intended that his payments to her be deductible from his gross income and includable in her gross income. That is the manner in which both parties treated the payments.[2] Petitioner called his C.P.A. to verify the criteria for deductibility. He then discussed the tax aspects with his attorney and modified the language to be incorporated into the decree. What petitioner failed to do was incorporate the requisite language into the decree in unequivocal terms. Neither did he discuss with Chancellor Bishop the tax ramifications of such language. It is clear from the testimony of Jacqueline and petitioner that Chancellor Bishop merely adopted the consensual agreement they had worked out during the lunch recess.

The issue is not resolved, however, by our finding that both parties to the divorce intended that the alimony payments be spread over a period in excess of 10 years. We must look to the intent of the court at the time the Mississippi divorce decree was entered. See *Newman v. Commissioner*, 68 T.C. 494, 501 (1977). Unfortunately the record is devoid of evidence with respect to the intent of that court. The subsequent interpretive decree merely reaffirms the original intent of Jacqueline and petitioner.

Secondly, and of more import, is the interpretive ruling by Chancellor Haynes that the language of the original decree "with said monthly installments to commence on January 15, 1971, and to continue on the 15th day of each month thereafter" means that under Mississippi law the payments may be made "at any time during the thirty-day period immediately next succeeding the 15th day of the month for which such payment is to be made." Chancellor Haynes based his interpretation on *United States v. Reis*, 214 F.2d 327, 328 (10th Cir. 1954), wherein that court interpreted comparable language to allow for payment any time within 1 month after the specified date.

Federal courts will look to State law to interpret legal interests and rights. Cf. *Helvering v. Stuart*, 317 U.S. 154, 161 (1942). In doing so the best authority is the highest court. In absence of a decision by that court, proper regard will be given to the rulings of other State courts. Cf. *Commissioner v. Estate of Bosch*, 387 U.S 456, 465 (1967).

---

[2]Although Jacqueline testified that no one advised her regarding the tax treatment of these payments, for her taxable years 1971 and 1972 she reported the alimony payments as income and excluded therefrom the child support payments.

The interpretation by Chancellor Haynes was not conceived in a vacuum. Both Kansas law and Oklahoma law have been interpreted to allow payment any time within 30 days of the due date. *United States v. Reis, supra; Lillard v. Wiseman,* an unreported case (W.D. Okla. 1956, 51 AFTR 1558, 57 USTC par. 9282). Chancellor Haynes considered the *Reis* interpretation at the time he rendered his opinion. Had the court herein desired payment by the 15th of each month, it could have so specified. We also find that these payments may be made over a period exceeding 10 years from the date of the divorce decree.

The language of section 71(c)(2) allows for application of section 71(a) and, hence, for deductibility of the payments under section 215 if the principal sum "may be paid" over a period which exceeds 10 years. Because petitioner may make his final payment pursuant to the divorce decree of December 18, 1970, any time up until January 14, 1981, the payment period satisfies the criteria for deductibility.

## Issue 2. Car Payments

If installment payments required by a divorce decree are to be paid over a period ending 10 years or less from the date of the decree they must, at the outset, be in the nature of alimony or an allowance for support. We do not find that the lease payments fit within either category.

The Mississippi decree of divorce contains five dispositive orders. The first awards custody of the children to Jacqueline; the second covers child support; the third covers schooling and payment therefor; the fourth covers alimony; and the fifth covers property settlement. The automobile is discussed in the fifth order. Petitioner is required therein to transfer title to the car after "settlement" of the lease. Petitioner chose to complete the payments for the car as originally contracted in the lease. Monthly lease payments are not necessarily the equivalent of alimony payments. We do not find the manner of payment to be dispositive of the issue. Nor do we find that the car was "support." If so there would have been no need to convey title. Petitioner may not deduct as alimony, amounts paid pursuant to the lease.

*Decision will be entered under Rule 155.*