379 So.2d 314 (1980)
Willis W. HOPKINS
v.
Mary Margaret HOPKINS.
No. 51593.
Supreme Court of Mississippi.
January 23, 1980.
Ladner & Emil, Gerald R. Emil, Gulfport, for appellant.
Jim W. Rose, Gulfport, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Mrs. Mary Margaret Hopkins filed a petition in the Chancery Court of the First Judicial District of Harrison County, Honorable Jason H. Floyd, Jr., presiding, to modify a final decree of said court, seeking additional alimony. From a decree granting modification and ordering monthly alimony payments and attorney's fees, Willis W. Hopkins appeals here.
The threshold question involved is whether or not the trial court erred in awarding additional alimony payments, since the final decree specifically discharged appellant from all claims of the appellee, including claims for alimony.
On December 2, 1977, the chancery court entered a final decree divorcing Mrs. Hopkins from Mr. Hopkins, approving a property settlement of the parties, granting custody of a minor child of the parties to Mr. Hopkins, and awarding a lump sum alimony payment of two thousand dollars ($2,000.00) to Mrs. Hopkins, together with an additional payment of twelve hundred dollars ($1,200.00) payable in eight (8) monthly installments of one hundred fifty dollars ($150.00) each.
At the time of entry of the said final decree, Mrs. Hopkins had been injured as a result of a fall, and her physician estimated that she would be disabled for a period of eight (8) months. Mr. Hopkins was a member of the United States Navy, with an income of approximately nine hundred fifty dollars ($950.00) per month.
*315 The chancellor entered a decree on January 29, 1979, modifying the December 2, 1977, decree and ordered that the appellant pay the sum of $150.00 per month to appellee as alimony, and he allowed appellee two hundred fifty dollars ($250.00) attorney's fees. In his opinion, the chancellor found that the sum of $150.00 per month for eight consecutive months provided in the December 2, 1977, decree was not intended to be permanent but only temporary covering the months in which Mrs. Hopkins was disabled.
In order to decide the question presented here, it is necessary to interpret the provisions of the December 2, 1977, decree, the pertinent parts of which follow:
"ORDERED, ADJUDGED AND DECREED, that the care, control and custody of the hereinabove named minor child, be and the same is hereby granted unto the Defendant; further, at this time the Court does not award child support to the Defendant and will leave the matter of child support open until further order of the Court. That the Complainant should be awarded reasonable rights of visitation with said child at all reasonable times and places, and he with her. It is further,
ORDERED, ADJUDGED AND DECREED that the Defendant shall pay unto the Complainant the sum of $2,000.00 on or before Jan. 1, 1977, thereby discharging him from any and all claims of the Complainant. That in addition to the lump sum payment, Defendant is hereby ordered to pay unto Complainant, beginning on January 1, 1978, the sum of $150.00 per month, temporary alimony, for eight (8) consecutive months, in the full sum of $1,200.00 ..."
We note that the decree did not retain jurisdiction in the court to grant future alimony, and no appeal was perfected from that final decree. Temporary alimony may not be awarded in a final decree, and if lump sum permanent alimony is allowed, it is a final settlement between the parties to the extent of the husband's duty to contribute to the wife's support, and cannot be changed or modified on the application of either party. Bond v. Bond, 355 So.2d 672 (Miss. 1978); Bunkley & Morse, Amis on Divorce and Separation in Mississippi, § 6.08 (1957).
In Gatlin v. Gatlin, 248 Miss. 868, 161 So.2d 782 (1964), the lower court awarded the wife two hundred dollars ($200.00) per month alimony for a period of eighteen (18) months, and, on appeal here, this Court ordered that the chancery court retain jurisdiction of the question of alimony. As stated, no appeal was taken from the final decree in this case.
The December 2, 1977 decree specifically retained jurisdiction for authority to consider in the future the amount of child support, and, the fact that no such provision was entered as to alimony indicates that the trial court considered the lump sum payment of $2,000.00 and the additional $1,200.00 payment in monthly installments of $150.00 per month for eight consecutive months was a final payment and settlement of all claims, including alimony.
We hold that the chancellor was in error in modifying the decree of December 2, 1977, and in ordering monthly payments of alimony, and the judgment of the trial court as to same will be reversed and judgment entered here for appellant. The judgment is affirmed as to allowance of attorney's fees.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.