386 So.2d 716 (1980)
Mitzi Jo Burkley BUTLER
v.
Jeffery Lynn HINSON.
No. 52058.
Supreme Court of Mississippi.
August 6, 1980.
Zuccaro, Riley, Pintard & Brown, Edwin E. Kerstine, Natchez, for appellant.
Jeffery Lynn Hinson, pro se.
Before PATTERSON, C.J., and BROOM and LEE, JJ.
LEE, Justice, for the Court.
On February 5, 1979, the Chancery Court of Adams County, Honorable Frank W. Walden presiding, entered a decree divorcing *717 Mitzi Jo Burkley Hinson (Butler) from Jeffery Lynn Hinson, adjudicating a property settlement between them, and granting alimony in the sum of forty-four hundred dollars ($4,400), payable in monthly installments of one hundred dollars ($100.00) for forty-four (44) consecutive months. Thereafter, on May 3, 1979, Mrs. Butler filed a petition charging that Hinson was in arrears for the payments due from March through May, 1979, and seeking to reduce those amounts to judgment. She also sought attorney's fees.
When the petition was heard, the chancellor discovered that appellant had married again. He entered judgment for the amount due from the date of the decree until the time of her remarriage, and awarded one hundred dollars ($100.00) attorney's fees. However, he modified the original divorce decree, and terminated the alimony as of the date of remarriage.
Mrs. Butler appeals from the decree and the sole question presented is whether or not the lower court erred in terminating the alimony payments.
That part of the final divorce decree, which pertains to alimony, follows:
"Defendant, Jeffery Lynn Hinson, is able and is hereby ordered to pay to the Complainant alimony in the lump sum of Four Thousand Four Hundred Dollars ($4,400.00) to be paid in monthly installments of One Hundred Dollars ($100.00) per month for forty-four (44) consecutive months beginning March 1, 1979, and a like sum of One Hundred Dollars ($100.00) on the first day of each and every month thereafter for forty-three (43) continuous months. Said payments shall be made at the office of the Chancery Clerk of Adams County, Mississippi." (Emphasis added)
It is significant that the decree recited appellee was to pay unto appellant alimony in the lump sum of $4,400, payable in 44 consecutive months beginning March 1, 1979. The chancellor stated at the petition hearing that he did not intend for the alimony to be lump sum alimony and that, therefore, he had the authority to modify the decree and to terminate the alimony upon appellant's remarriage.
Bunkley and Morse, Amis on Divorce and Separation in Mississippi, § 6.07, at 186 (1957), sets out the following general statement of the law:
"Where alimony is awarded in a lump sum, it is a final settlement between the husband and wife as to the extent of his duty to contribute to her support which cannot be changed or modified on the application of either party for any cause whatsoever.... The allowance cannot be decreased or abated by reason of the remarriage of the wife... ."
In Hopkins v. Hopkins, 379 So.2d 314 (Miss. 1980), the lower court modified a final decree relating to alimony, stating that payments of one hundred fifty dollars ($150.00) per month for eight (8) consecutive months provided in the decree was not intended to be permanent, but only temporary, covering the months in which Mrs. Hopkins was disabled. The pertinent part of the final decree modified recited:
"`It is further,
ORDERED, ADJUDGED AND DECREED that the Defendant shall pay unto the Complainant the sum of $2,000.00 on or before Jan. 1, 1977, thereby discharging him from any and all claims of the Complainant. That in addition to the lump sum payment, Defendant is hereby ordered to pay unto Complainant, beginning on January 1, 1978, the sum of $150.00 per month, temporary alimony, for eight (8) consecutive months, in the full sum of $1,200.00 ...'" 379 So.2d at 315.
This Court held that the lump sum payment of two thousand dollars ($2,000) and the additional twelve hundred dollars ($1,200) paid in eight monthly installments of $150.00, was a final payment and settlement of all claims for alimony.
The decree of February 5, 1979, in the case sub judice was approved by the attorneys and provided that the $4,400.00 was lump sum alimony. The fact that such lump sum alimony was payable in installments does not change the character of it. *718 A court can speak only through its minutes, and the provisions of the decree prevail over the words of the trial judge stating what was his intent.
We are of the opinion that the chancellor erred in modifying the final divorce decree terminating lump sum alimony and the judgment of the lower court is reversed, judgment is rendered here, and the cause is remanded to the lower court for further proceedings consistent with this opinion.
REVERSED, RENDERED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.