ESTATE OF LUCILE H. SHOLES, DECEASED, WILLIAM L. SHOLES, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Sholes v. Commissioner
Docket No. 11191-80.
United States Tax Court
T.C. Memo 1981-455; 1981 Tax Ct. Memo LEXIS 300; 42 T.C.M. (CCH) 837; T.C.M. (RIA) 81455; August 24, 1981. *300 The Minnesota Supreme Court affirmed the Minnesota Tax Court's decision that the decedent, Lucile L. Sholes, owned 19 contracts for deed at the time of her death. Held, the value of the 19 contracts for deed is includable in decedent's gross estate. Commissioner v. Estate of Bosch, 387 U.S. 456 (1967), followed. William L. Sholes, for the petitioner. Scott A. Taylor, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In his notice of deficiency dated April 2, 1980, respondent determined a deficiency of $ 18,343.62 in petitioner's Federal estate tax. After concessions by the parties, [1] the sole issue remaining for our decision is whether decedent possessed a property interest in 19 contracts for deed, thereby requiring *301 the value of such contracts to be included in her gross estate under section 2033, I.R.C. 1954. FINDINGS OF FACT Lucile H. Sholes died testate on September 11, 1976. Petitioner is the Estate of Lucile H. Sholes. William L. Sholes, decedent's husband, was designated executor of the estate in decedent's will. He resided in Minneapolis, Minnesota at the time the petition herein was filed. A timely Federal estate tax return was filed on behalf of petitioner with the Internal revenue Service Center at Ogden, Utah. At the time of her death, decedent possessed legal title to 19 parcels of real estate which were being sold on contracts for deed. These properties were purchased *302 through the efforts of William L. Sholes. Mr. Sholes purchased the properties by withdrawing the necessary funds from a joint bank account belonging to himself and the decedent. In exchange for these funds and other consideration, each of the sellers transferred their property to decedent by warranty deed. Thereafter, all 19 properties were sold on contracts for deed, which conveyances were jointly executed by the decedent and Mr. Sholes. By order dated November 27, 1978, the Minnesota Commissioner of Revenue determined that the 19 contracts for deed were includable in the decedent's estate and therefore were subject to the Minnesota inheritance tax. Mr. Sholes appealed this order to the Minnesota Tax Court. After holding a hearing, the Minnesota Tax Court held that "[t]he 19 properties in question were owned by * * * Lucile H. Sholes, at the time of her death on September 11, 1976." As a consequence, that court concluded that the testimentary transfers of these properties to her beneficiaries were subject to Minnesota inheritance tax. Mr. Sholes appealed this decision to the Minnesota Supreme Court, which affirmed the lower court's decision in an en banc order dated May 23, 1980. *303 Respondent, in his notice of deficiency, determined that the 19 contracts for deed were includable in decedent's gross estate in the amount of $ 203,069.17. OPINION We must decide whether respondent properly included the 19 contracts for deed in decedent's gross estate. Under section 2033, the gross estate of the decedent includes the value of all property to the extent of decedent's interest therein at the time of her death. While Federal law, such as section 2033, designates what interest or rights shall be taxed, Federal courts look to state law to determine what property interests or rights were possessed by the decedent at the time of her death. See Helvering v. Stuart, 317 U.S. 154, 161-62 (1942); Tracy v. Commissioner, 70 T.C. 397, 402 (1978). In this regard, the Supreme Court in Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967), stated: [T]he State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State. * * * Turning *304 to the facts of the instant case, the Minnesota Supreme Court affirmed the lower court's decision which held that the decedent was the owner of the "19 properties in question." At trial in this Court, petitioner repeated the position which it put forth at the state court level. However, petitioner has neither cited any authority nor put forth any arguments that would even suggest that the Minnesota Supreme Court decision is not controlling. Faced with this decision of the Minnesota Supreme Court, the best authority on Minnesota law, we are compelled to find, consistent with that court's decision, that the decedent owned the 19 contracts for deed. Therefore, respondent's determination is sustained. Due to concessions, Decision will be entered under Rule 155. Footnotes
1. Respondent also determined that decedent's taxable estate should be increased by $ 525 for the inclusion of personalty. Petitioner failed to offer any evidence with respect to this issue. As petitioner has the burden of proving the impropriety of respondent's determination, Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933), we deem this issue to be abandoned and conceded by petitoner. Rule 149(b), Tax Court Rules of Practice and Procedure.↩