JANE DORSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorsey v. Commissioner
Docket No. 25697-82.
United States Tax Court
T.C. Memo 1985-551; 1985 Tax Ct. Memo LEXIS 80; 50 T.C.M. (CCH) 1371; T.C.M. (RIA) 85551; November 5, 1985. C. Everette Boutwell, for the petitioner. Marsha Yowell, for the respondent. COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was assigned *81 pursuant to the provisions of section 7456(d) of the Internal Revenue Code[1] and Rule 180. The notice of deficiency determined a deficiency of $255 of Federal income tax due by petitioner for her 1980 tax year. Petitioner conceded all adjustments which gave rise to this deficiency. Petitioner contends, however, that she erroneously reported alimony as income on her 1980 return, and she accordingly seeks a redetermination of her 1980 taxes by excluding $7,200 alimony received from her former husband. At issue, therefore, is the question whether, as petitioner contends, the alimony represented payments by her former husband in the discharge of a principal obligation and, therefore, not taxable under section 71(c), [2] or whether, as respondent contends, the alimony represented "periodic payments" under section 71(a)(1) and, therefore, constituted taxable income. *82 All of the facts have been stipulated and are, accordingly, so found. The case has been submitted to the Court for decision under Rule 122. Petitioner's legal residence at the time she filed her petition was Gautier, Mississippi. Petitioner and her former husband, William B. Dorsey, were divorced on August 24, 1979, by final decree of the Chancery Court of Jackson, Mississippi. The decree awarded petitioner $600 per month for a period of two years, commencing September 1, 1979, and, thereafter, $308 per month for a period of six years. The Final Decree was entered in accordance with a written opinion of the court dated August 7, 1979. With respect to the alimony obligation, the court, in its opinion, stated: The Court further finds that Mrs. Dorsey is in need of rehabilitative support and alimony, in view of the long term of the marriage and her inability to obtain suitable employment. Accordingly, the Court finds that Mr. Dorsey should pay unto Mrs. Dorsey each month, beginning September 1, 1979, the sum of $600.00 for a period of two years. That after two years have elapsed, he should pay her the sum of $308.00 per month for an additional six years; and further he *83 shall pay unto her the sum of $2,000.00 with which she shall effect repairs to the jointly owned residence; said payment to be made within six months from date. That Mrs. Dorsey should hereafter have sole use and possession of said residence, together with all contents therein. There is no statement in the opinion and no provision in the Final Decree with respect to the effect on the above alimony obligation of the death of either spouse, remarriage of petitioner, or change in the economic status of either spouse. Both court documents are silent with respect to these contingencies. In accordance with the decree, petitioner received a total of $7,200 from her former husband in 1980. Respondent and petitioner have stipulated that William B. Dorsey deducted $7,200 as alimony on his Federal income tax return for 1980. Petitioner also reported these payments as income which she now claims was error. The provision respondent relies on in claiming that the alimony was taxable income is section 71(a)(1). That provision, prior to its amendment by the Tax Reform Act of 1984, stated: (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her *84 husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. [Emphasis added.] Petitioner relies on section 71(c)(1), which stated: (c) Principal Sum Paid in Installments.-- (1) General rule.--For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. [Emphasis added.] All other requisites of section 71 are not at issue. [3] The basic question is whether petitioner received "periodic payments" or "installment payments" in the discharge of a principal obligation. In common parlance, the question is whether petitioner received "periodic alimony" or "lump sum" alimony. *85 The former is taxable income; the latter is not taxable income. Section 1.71-1(d)(1), Income Tax Regs., states generally that "installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree, * * * are not considered 'periodic payments' and therefore are not to be included under section 71(a) in the wife's income." Section 1.71-1(d)(3)(i), Income Tax Regs., provides that in order to constitute "periodic payments," and thus be taxable, the payments must meet two conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance *86 for support. Respondent and petitioner agree that the second factor above exists, i.e., the payments to petitioner were in the nature of alimony or an allowance for support. The dispute, however, is on the first factor -- respondent arguing that the award to petitioner is subject to the contingencies of death, remarriage, or change in economic status of the spouses; petitioner arguing that the payments are not subject to such contingencies. Section 1.71-1(d)(3)(ii), Income Tax Regs., provides further guidelines in determining whether payments are "periodic" or "lump sum:" (ii) Payments meeting the requirements of subdivision (i) are considered periodic payments for the purposes of section 71(a) regardless of whether-- (a) The contingencies described in subdivision (i)(a) of this subparagraph are set forth in the terms of the decree, instrument, or agreement, or imposed by local law, or (b) The aggregate amount of the payments to be made in the absence of the occurrence of the contingencies described in subdivision (i)(a) of this subparagraph is explicitly stated in the decree, instrument, or agreement, or may be calculated from the face of the decree, instrument, or agreement, *87 or (c) The total amount which will be paid may be calculated actuarially. Since petitioner's divorce decree and the opinion of the Chancery Court are silent with respect to the contingencies of remarriage, death, or change in economic circumstances, this Court is required to determine whether local or state law imposed such contingencies under section 1.71-1(d)(3)(ii), Income Tax Regs., quoted above. In Tracy v. Commissioner,70 T.C. 397, 402 (1978), this Court held that Federal courts will look to state law to interpret legal interests and rights and in doing so, the best authority is the highest court of such state. Petitioner and respondent cited Wray v. Wray,394 So.2d 1341 (Miss. 1981), and this Court accepts Wray as a correct statement of Mississippi law on the subject of alimony and the differentiation between "lump sum" and "periodic" alimony. Mississippi recognizes alimony as either periodic or lump sum. Lump sum alimony, which may be payable in installments, is considered an award of a fixed sum of money and is not subject to the contingencies of remarriage, death, or change in economic circumstances of the spouses. Periodic alimony, *88 on the other hand, is subject to such contingencies. In Wray, the court held that "lump sum" alimony is ordinarily granted where special circumstances exist. The court cited three examples of what constitutes "special circumstances:" (1) Where the award is a substitution for a division of property between the spouses, (2) Where the award is a substitution for periodic alimony, or (3) Where the award is to take care of some special or immediate need of the wife. The court in Wray further stated that because lump sum alimony is awarded in special circumstances, there should be clear and express language establishing that the award is lump sum and not periodic. In Wray, the Mississippi Supreme Court held that the award in that case did not constitute "lump sum" alimony. The husband was required to pay $400 for 24 months and thereafter $200 per month until the wife remarried. The wife remarried after three $400 payments had been made. The husband instituted the action to determine whether he was liable for further payments. The court held the husband's obligation constituted periodic alimony and because of the remarriage of his former wife, he was no longer obligated *89 for the monthly payments. This Court notes that the facts of the instant case differ in material respects from Wray and these factual differences compel us to reach a result different from Wray:
(1) In Wray, there existed a definite contingency for the period following the first 24 months. The husband's obligation terminated upon remarriage of the wife. In the case before us, there is no such recited contingency. (2) In Wray, the court very carefully noted that in addition to the alimony award, the parties had entered into a separate property settlement agreement. Consequently, the alimony award was clearly not a substitution for a property settlement between the spouses. In the instant case, neither the opinion nor the decree refer to any property settlement between the parties. The stipulation filed with this Court is also silent with respect to any property settlement between them. (3) In Wray, the court cited no special circumstances or special needs of the wife which prompted the alimony award. In the instant case, the court in its opinion declared: "The Court further finds that Mrs. Dorsey is in need of rehabilitative support and alimony, in view *90 of the long term of the marriage and her inability to obtain suitable employment." The above findings of the Chancery Court noted in paragraph (3) above leads this Court to the conclusion that a "special need" existed for petitioner since the court found she was in need of "rehabilitative support." The term "rehabilitate" is defined as: [4]
1. To restore (a handicapped or delinquent person) to useful life through education and therapy. 2. To reinstate the good name of. 3. To restore the former rank, privileges or rights of. This Court concludes that the Chancery Court made its award to petitioner, not so much for support, but for the special need for rehabilitation it found in favor of petitioner which, in the court's judgment, would be rectified in the eight years her former husband was ordered to make such payments. The award, therefore, in this Court's opinion, was for more than regular or ordinary support and such award should not be affected by contingencies of death, remarriage, or economic changes of the spouses. [5] This Court holds that the Chancery Court's finding *91 of petitioner's need for rehabilitative support satisfies the "clear and express" requirement of Wray that the award was a "lump-sum" award. This Court does not find as materially significant the fact that the divorce decree did not compute the total or gross amount petitioner's former husband would be required to pay over the eight-year period. Section 1.71-1(d)(3)(ii)(b) and (c), Income Tax Regs., expressly provide that an award may be a "lump sum" or a "principal obligation" if the aggregate amount of the payments may be calculated from the face of the decree or agreement or if the total amount which will be paid may be calculated actuarially. Respondent does not contend that the aggregate amount to be paid or payable by petitoner's former husband cannot be determined from the face of the decree. In Kent v. Commissioner,61 T.C. 133, 136 (1973), this Court stated: "It has long been this Court's view that there is no material difference between a decree where the total amount payable is so stated and one where it is necessary to multiply the payments by a period certain in order to determine the principal sum specified." We find, therefore, that the $7,200 *92 received by petitioner during 1980 was not "periodic" under section 71(a)(1) and was not taxable income.
Accordingly, for the above reasons, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 71 was amended by section 422(a) of the Tax Reform Act of 1984, Pub.L. 98-369, 98 Stat. 795. All references to section 71 are to this section prior to its amendment by the 1984 Act.↩
3. The parties do not dispute that the payments by the former husband to petitioner were in the discharge of a legal obligation imposed upon him because of the marital relationship, that the payments were under a decree incidental to a divorce, that the period for the total payments was less than ten years, and that the payments were in the nature of alimony or an allowance for support.↩
4. The American Heritage Dictionary of The English Language, New College Edition (1976 ed.).↩
5. Another illustration of a finding of special need in which the installment payments were held to constitute a lump-sum award, unaffected by subsequent contingencies, is the case of Hopkins v. Hopkins,379 So.2d 314↩ (Miss. 1980). In that case, the husband was ordered to pay $1,200 payable in monthly installments of $150 each for eight months. At the time of the decree, the wife was injured and her doctor estimated she would be disabled for eight months.