Thomas B. BLAKE, Petitioner-Appellant,

v.

COMMISSIONER, INTERNAL REVENUE, Respondent-Appellee.

Joyce M. BLAKE, Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

Nos. 86–8349, 86–8376
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 2, 1987.

Richard A. Childs, Columbus, Ga., for petitioner-appellant in No. 86-8349.

Roger M. Olsen, Acting Atty. Gen., Michael L. Paup, Ann Belanger Durney, Deobrah Swann Mbye, Tax Div., U.S. Dept. of Justice, Washington, D.C., for C.I.R.

Morton A. Harris, Page, Scrantom, Harris, McGlamry & Chapman, Columbus, Ga., for petitioner-appellee in No. 86-8376.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

■ Periodic payments pursuant to a divorce settlement are taxable as income to the receiving spouse and deductible by the paying spouse only when the payment peri-od exceeds ten years. In this case, the United States Tax Court determined that a property settlement required payment to be completed within ten years of the divorce decree and held that the payments received by Joyce M. Blake for the years 1979 and 1980, from her former husband, Dr. Thomas B. Blake, Jr., were not taxable to Mrs. Blake under 26 U.S.C.A. § 71 and not deductible by Dr. Blake under 26 U.S.C.A. § 215. The decision turns on an interpretation of the property settlement. We affirm.

■ The Blakes' marriage was dissolved in a divorce decree, dated May 30, 1975, which incorporated by reference a property settlement agreement of the same date. The property settlement agreement provided in part:

12. It is further agreed between the Plaintiff and Defendant that the Plaintiff, Thomas B. Blake, Jr. shall pay to the Defendant and Cross-plaintiff, Joyce McCartha Blake, the sum of One Thousand and no/100—Dollars ($1,000.00) each month for a period of ten years or 120 months; and said payment shall begin thirty (30) days after the date of the granting of any decree in this case; and the payment of this amount is the payment of alimony in gross and is in lieu of permanent alimony to be paid to the Defendant.

The United States Tax Court held that the payments under the above paragraph were payable within ten years from the date of the divorce decree. Applying the normal rule for counting time, *see Sheets v. Selden's Lessee*, 69 U.S. (2 Wall.) 177, 190, 17 L.Ed. 822 (1864) (counting commences with the day after the critical date), the court concluded that the ten year period for purposes of the Section 71(c)(2) exception ended on May 30, 1985. The court also found that the first payment was required to be made on or before June 29, 1975, and the final payment would be made on or before May 29, 1985, or one day less than ten years.

Dr. Blake argues that payment may be made on or before the last day of each

calendar month, making the final payment payable on May 31, 1985, beyond the ten year period. To support this argument, Dr. Blake relies on *United States v. Reis,* 214 F.2d 327 (10th Cir.1954), in which the Court of Appeals construed Kansas law which permitted payments to be made at anytime within a designated month. The *Reis* Court construed the language "payable Three Hundred Dollars ($300.00) per month *commencing* April 1, 1947," 214 F.2d at 328 (emphasis added), to designate only the month in which payments were to begin. Dr. Blake contends that Alabama law is essentially the same, citing *Holmes v. Myles,* 37 So. 588, 141 Ala. 401 (1904) and *Rice v. J.H. Beavers & Co.,* 71 So. 659, 196 Ala. 355 (1916). These cases are inapposite. *Holmes v. Myles* held that a 20–day option contract to purchase land, entered on February 3, remained in force and effect through February 23. *Rice v. J.H. Beavers & Co.* held that when a statute fixes time within which an act may be done, the first day is excluded and the last day included. Both holdings are consistent with the Tax Court's findings and neither would support a holding that payment may be made on the last day of each month under this agreement. A case closer to the point is *Sovereign Camp, W.O.W. v. Reed,* 94 So. 910, 208 Ala. 457 (1921). The *Reed* court stated:

> The term 'month' whether employed in statutes or contracts, and not appearing to have been used in a different sense, denotes a period terminating with the day of the succeeding month numerically corresponding to the date of its beginning less one. If there be no corresponding day of the succeeding month, it terminates with the last day thereof.

*Id.* 94 So. at 916. *Reed* supports the tax court's determination that the final payment was payable within ten years.

Dr. Blake makes an alternative argument that the payment "period" began on June 29, 1975, making the final installment payable after the ten year period. Dr. Blake relies upon *Tracy v. Commissioner,* 70 T.C. 397 (1978), to support this argument. In *Tracy,* however, the tax court

relied on Mississippi law, which provided a 30–day grace period, after the specified date of payment, within which payment could be made. Dr. Blake cites no Alabama law to the same effect. This argument also fails because this construction ignores the clear terms of the property settlement agreement that *"payment* shall begin" (emphasis added) 30 days from the granting of the decree.

AFFIRMED.