H. CONRAD LUHMANN, JR. *v.* NATALIE C. LUHMANN

[No. 1016, September Term, 1976.]

*Decided September 8, 1977.*

The cause was argued before THOMPSON, LOWE and MELVIN, JJ.

*Dale L. Button* for appellant.

*Edward J. McGrath*, with whom were *McGrath & Doyle* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

The principal issue in this appeal involves the duration of the child support provisions of a divorce decree entered on 15 April 1974 by the Circuit Court for Montgomery County.

The underlying facts can be briefly recounted. The appellant, H. Conrad Luhmann, Jr., and the appellee, Natalie C. Luhmann, were married on 24 July 1954. Two children were born of the marriage, *viz.*, Craig Lee Luhmann, born 15 May 1955, and Eric Conrad Luhmann, born 10 June 1957. On 22 September 1971, when Craig was 16 years old and Eric was 14 years old, the parties entered into a "Separation and Property Settlement Agreement", which, among other things, provided as follows:

"... That the Husband agrees to pay to the Wife for the support and maintenance of the aforesaid children the sum of One Hundred Fifty Dollars ($150.00) per month per child, the first of which said payments shall be due upon the execution of this Agreement by both parties hereto, with each succeeding monthly payment due on the same date of each month thereafter. The said support for each child shall continue until each child shall become twenty-one years of age or be sooner emancipated, at which time the support for that child shall then terminate...."

The Agreement further provided that,

"... consistent with the rules or practice of any court granting any decree of absolute divorce, the provisions of this Agreement, or the substance thereof, may be made a part of that said decree, but

notwithstanding such incorporation, this Agreement shall not be merged in such decree but shall in all respects be forever binding upon the parties".

On 1 July 1973, Chapter 651 of the Laws of 1973, now codified as Art. 1, § 24 of the Md. Code (1957, 1976 Repl. Vol.), became effective, decreasing the age of majority from 21 to 18 years.

On 4 January 1974, when Craig was 18 and Eric was 16 years old, the appellant-husband filed a bill of complaint for divorce on the grounds of three years separation. The bill alleged, *inter alia*, that "the property rights between the parties have been settled by a Separation Agreement between them dated September 22, 1971, as well as custody and child support". The appellee-wife did not contest the divorce. The case was forwarded to the Domestic Relations Master for the taking of testimony and recommendations.

On 11 April 1974, pursuant to the recommendations of the Domestic Relations Master, the divorce was granted to appellant. The decree provided in pertinent part as follows:

"ORDERED that the Plaintiff shall pay to the Defendant, for the support and maintenance of the remaining minor child, the sum of Two Hundred Dollars ($200.00) per month, commencing on the first day of the month, following the signing of the Decree by the Court, pending further order of the Court, and it is further

\* \* \*

"ORDERED that the provisions of the Separation and Property Settlement Agreement dated September 22, 1971, and filed in this matter as Plaintiff's Exhibit No. 2, may be incorporated in the Decree of Divorce, insofar as the Court has jurisdiction, pending further order of the Court . . . ."

On 10 June 1975, Eric became 18 years of age and appellant discontinued all child support payments. On 6

August 1975, appellant filed a "Motion to Amend Decree of Divorce" in which he alleged that Eric had "pass[ed] the age limit within which the Court in its Decree of April 11, 1974,[1] had jurisdiction to require the payment of support by the Plaintiff to the Defendant". He prayed that the decree be amended to "eliminate the provisions as to custody and child support".

By order filed 25 August 1976, the court dismissed the motion. In his appeal from that order, appellant contends that his motion to amend the decree as prayed should have been granted for either of the following reasons: 1) As a matter of law, the decree can not operate to require him to provide child support for Eric beyond his eighteenth birthday, because the decree was passed after the effective date of Chapter 651 of the Laws of 1973. 2) Regardless of his age, Eric has become emancipated by reason of his earning capacity and ability to care for himself.

I

Had the divorce decree of 15 April 1974 not mentioned the Agreement, it is clear that the requirement of the *decree* that appellant pay $200 per month for the support of "the remaining *minor* child" would automatically expire upon the child's (Eric's) reaching his eighteenth birthday. *Monticello v. Monticello,* 271 Md. 168, 315 A. 2d 520 (1974); Code Art. 1, § 24. This does not mean, however, that the child support provisions of the Agreement would also expire. On the contrary, the Agreement specifically provides that whether incorporated in a divorce decree or not its provisions "shall not be merged in such decree but shall in all respects be binding upon the parties". Thus even if the Agreement were not incorporated as part of the decree, its provisions would still be enforceable between the parties. Consequently, after Eric became 18 and before he became 21 years of age (assuming he was not "emancipated" during that period), appellant would be bound by the Agreement to pay $150 per

---

1. The decree was dated 11 April and filed 15 April.

month for Eric's support.[2] The appellant concedes this to be so, but argues that the decree, as opposed to the Agreement, can not be the basis for his obligation to pay child support beyond Eric's eighteenth birthday.

It is clear that the provisions of the 1971 Agreement for Eric's support "until . . . [he] shall become twenty-one years of age . . ." are not affected by Chapter 651 of the Laws of 1973. *Monticello v. Monticello, supra.* The basic question in this case is whether the incorporation of the Agreement into the divorce decree has the effect of permitting the appellee to look to the *decree,* as well as the Agreement, for a remedy in seeking continued support for Eric. [We note parenthetically that there is no issue in the case presented concerning Craig's support.]. To put it another way, does the *decree,* as well as the Agreement, require appellant to continue child support for Eric until he becomes twenty-one years of age or emancipated, even though the decree was passed after the effective date of the statute lowering the age of majority to 18 years? We think that it does and that appellant's motion to amend the decree to provide otherwise was properly denied.

Code (1957, 1973 Repl. Vol.), Art. 16, § 28, and cases construing it, clearly give courts of equity power to enforce agreements between husband and wife respecting child support, subject of course to the power of the court "to modify the . . . agreement in respect to the infants as to the court may seem proper, looking always to the best interests of the infants". Art. 16, § 28. *Zouck v. Zouck,* 204 Md. 285, 104 A. 2d 573 (1954). *Jackson v. Jackson,* 14 Md. App. 263, 286 A. 2d 778 (1972). Maryland Rule S77 b provides that such agreements may be made a part of the record in an action for divorce and incorporated, insofar as the court may deem proper, into the decree. In the present case, the record is very clear that both parties desired the Agreement to be made part of the divorce decree. So incorporated by

---

2. Unless, of course, it could be shown in a proper proceeding that the best interests of the child warrant a lesser amount. See Stern v. Horner, 22 Md. App. 421, 324 A. 2d 134 (1974) for power of equity court to *reduce* child support payments previously agreed upon by the parties.

reference, the provisions with respect to Eric's support became as much a part of the decree as if set forth therein *in haec verba*, with the exception that the amount of support was changed from $150 per month to $200 per month, a change that the court clearly had the power to effect. *See* Art. 16, § 28. The duration of the support was not changed, however, and under the decree remains, unless changed by further order of court, until Eric becomes 21 years old or sooner dies.

## II

Appellant also contends that the trial court erred in determining that Eric is not emancipated. After reviewing the evidence before the lower court we are unable to find this decision to be clearly erroneous. Md. Rule 1086.

*Order affirmed.*
*Appellant to pay the costs.*