JAMES B. PLATT, III and VICTORIA PLATT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Platt v. Commissioner
Docket No. 21153-81.
United States Tax Court
T.C. Memo 1985-592; 1985 Tax Ct. Memo LEXIS 41; 51 T.C.M. (CCH) 49; T.C.M. (RIA) 85592; December 5, 1985. Neil S. Kurlander, for the petitioners. Clare J. Brooks, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in petitioner James B. Platt's Federal income tax for his taxable year ended December 31, 1976, and in petitioners' income tax for their year ended *43 December 31, 1977, in the respective amounts of $2,587 and $3,710. [1]
The only issue for decision is whether payments made by James B. Platt, III to his former wife constitute deductible alimony or nondeductible child support. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. James B. Platt, III (hereinafter "James" or "petitioner") and Victoria Platt (hereinafter "Victoria") were husband and wife and residents of Reisterstown, Maryland, at the time of filing their timely petition in this Court. James timely filed a separate income tax return for 1976. James and Victoria (hereinafter referred to, collectively, as "petitioners") filed a joint income tax return for 1977. Petitioner and Grace Dryfoos Platt were married on July 18, 1964. Two children were born of the marriage, Mary Morton Platt and Susan Webb Platt. Differences arose between *44 the spouses which led to their mutual and voluntary separation with the intention of ending their marriage in August 1974. On September 22, 1975, James and Grace executed a written separation and property settlement agreement (the "separation agreement") in order to formalize their voluntary separation, to settle their respective property rights, the custody of their minor children, and the support and maintenance of Grace and the children. The separation agreement provided, in pertinent part, as follows: 4. The Husband shall pay to the Wife for her support and maintenance, and for the support and maintenance of the minor children, Mary Morton Platt and Susan Webb Platt, Seven Hundred Fifty ($750.00) Dollars per month, beginning on the first day of the first calendar month after the effective date of this Agreement. These payments shall cease as to each child, in the event of: (a) death; (b) the achievement of self-support; (c) attainment of the age of eighteen (18) years; (d) marriage, (e) death of Husband or (f) at such time as a child ceases to be under the Wife's care and custody, whichever shall first occur, and in such event the amount of Seven Hundred Fifty ($750.00) *45 Dollars per month shall be reduced by the sum of Three Hundred Fifty ($350.00) Dollars per month as to each child. These payments shall cease as to the Wife, in the event of: (a) death of Wife; (b) remarriage of Wife; (c) at the expiration of ten years and one month from the date of this Agreement or (d) three months after the date of Husband's death, whichever shall first occur, and in such event the amount of Seven Hundred Fifty ($750.00) Dollars per month shall be reduced by the sum of Fifty ($50.00) Dollars per month. The parties hereby expressly waive the right ever hereafter to have any court of competent jurisdiction change or make a different provision for the support and maintenance of the Wife, and they further expressly covenant and agree that under no circumstances will either of them hereafter apply to any court for an increase or decrease in the amount or for modification of the terms of such support and maintenance as is herein provided. 5. All of the payments provided for in Paragraph 4 above by Husband to Wife are based on the assumption that the present federal and Maryland income tax laws, permitting deduction of maintenance and support payments by the payor *46 and taxing them to the payee, shall continue in full force and effect and that all of such payments shall be deductible by Husband and taxable to Wife. In the event that there is any substantial change in such laws, or the construction thereof, affecting the said deductibility or taxability of all of said payments, the amounts payable hereunder shall be renegotiated by the parties, and if agreement cannot be reached, application shall be made to a court of competent jurisdiction to determine the amounts payable. * * * 16. The parties hereto hereby agree that the provisions of this Agreement settling the rights of the parties shall be submitted to any court taking jurisdiction over any action filed by either party for annulment, divorce or legal separation, and, if feasible, the provisions of this Agreement shall be incorporated in any judgment, order or decree entered in any such action, in lieu of any other provisions relating to alimony, attorneys' fees or the Wife's maintenance and support. The parties realize that any provisions made for custody of minor children and the support thereof are subject to modification by the court. In the event any judgment, order or decree *47 does not incorporate the provisions of this Agreement and contains provisions inconsistent with or conflicting with the terms of this Agreement, the parties hereto do hereby waive any such other inconsistent or different provisions which may be made for them by the Court in such judgment, order or decree and do hereby agree to continue to accept the provisions herein made for them and agreed to, in lieu of and in full satisfaction of any provisions made for them as a result of any such judicial proceedings except those pertaining to child support and child custody. * * * The language contained in the provisions of the separation agreement relating to the maintenance and support of Grace and the minor children were based upon the holding of the Supreme Court in Commissioner v. Lester,366 U.S. 299 (1961). Subsequent to the signing of the separation agreement, petitioner filed a Bill of Complaint for Divorce a Vinculo Matrimonii in the Circuit Court for Baltimore County, Maryland, in which he sought a final divorce and prayed that the separation agreement dated September 22, 1975, be approved and made a part of the Divorce Decree. Grace answered, admitting the *48 allegations of the Bill of Complaint. Shortly thereafter, James requested to have the case heard on its merits and scheduled a hearing before a Master of the court. Neither James nor Grace sought to have modified or changed any provisions of the separation agreement at the hearing before the Master. The separation agreement was introduced in evidence at the hearing. On December 16, 1975, the Circuit Court for Baltimore County, Maryland, issued a Decree of Divorce in which it adjudged, ordered, and decreed, inter alia, that James and Grace be divorced. The Decree of Divorce read, in pertinent part, as follows: * * * It is further ADJUDGED, ORDERED and DECREED that the Complainant, James Beach Platt, III, pay directly unto the Defendant, Grace Dryfoos Platt, the sum of $350.00 par month towards the support of each child, for a total of $700.00 per month, and otherwise provide for the maintenance and welfare of said children as specified in paragraph 4. of the hereinafter mentioned agreement; all subject to the further Orders of this Court; and It is further ADJUDGED, ORDERED and DECREED that the Complainant, James Beach Platt, III, pay directly unto the Defendant, Grace Dryfoos *49 Platt, the sum of $50.00 per month towards her maintenance and support as specified in paragraph 4. of the hereinafter mentioned agreement; and It is further ADJUDGED, ORDERED and DECREED that the parties to this cause of action, be and they are hereby ordered to fully perform and carry out all of the covenants and conditions set forth in their agreement dated September 22, 1975, and filed with the testimony in this cause of action, the pertinent terms of which are hereby approved and incorporated in this Decree by reference thereto as if fully set forth herein; * * * Petitioner made total payments of $9,000 and $8,250 to Grace in 1976 and 1977, respectively. Petitioner deducted $9,000 as alimony for each of the years 1976 and 1977. Respondent disallowed the claimed deductions on the basis that $8,400 and $8,250 of the payments made to Grace in 1976 and 1277, respectively, were not alimony payments, but support payments for his minor children, and allowed petitioner two dependency exemptions for his two minor daughters. Alternatively, respondent determined that if the payments made by petitioner to his former wife were alimony, petitioner was not entitled to the dependency *50 exemptions for his two daughters. James filed a petition to amend the decree of divorce nunc pro tunc with the Circuit Court for Baltimore County on October 8, 1980, requesting the said court to amend the provisions of the said decree relating to support and maintenance of his former wife and their two daughters in order to conform such provisions to the separation agreement dated September 22, 1975. Grace filed a demurrer to James' petition. In an opinion and order, dated August 25, 1982, the Circuit Court sustained, without leave to amend, the demurrer to the petition. In so doing, the Circuit Court found, inter alia, that James had not met the burden of Maryland Rule 625 [2] that "after a thirty day period, the Court shall have revisory power only in cases of fraud, mistake or irregularity," and held that the separate allocations in the divorce decree of support for the wife and minor children did not constitute a mistake or irregularity, and that petitioner did not act with ordinary diligence in seeking revision of the decree. By unreported opinion filed September 9, 1983, the Court of Special Appeals of Maryland affirmed the judgment of the Circuit Court. In an opinion entered *51 December 24, 1984, the Court of Appeals of Maryland affirmed the decision of the Court of Special Appeals. OPINION Pursuant to section 215, [3] a husband is allowed as a deduction [4] amounts includible, under section 71, [5] in the gross income of his wife, payment of which is made within his taxable year. *52 Section 71(a)(1) [6] provides for the inclusion in the wife's gross income of periodic payments received by her pursuant to a decree of divorce or separate maintenance in discharge of a legal obligation imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. Child support payments are generally not includible in the wife's income, and are not deductible by the husband. When the decree, instrument, or agreement incident to the divorce covers both alimony payments to the wife and child support payments, such periodic payments are deductible by the husband, and taxable to the wife, unless the terms of the decree, instrument, or agreement fix an amount for the support of the minor children of the husband. Section 71(b); [7]Commissioner v. Lester,366 U.S. 299 (1961). The amount of child support must be fixed "in terms of an amount of money or a part of the payment" in order for the said amount to be excludable from the divorced wife's income and nondeductible by the husband. Section 71(b). The statutory requirement is strict and carefully worded. *53 In Commissioner v. Lester,supra, the Supreme Court held that periodic payments made by a husband to his divorced wife pursuant to a written agreement entered into by them and approved by the divorce court were deductible by the husband, as alimony, and includable in the wife's gross income where an amount or portion of the periodic payments was not specifically earmarked as payable for the support of the children. [8]
It is undisputed that James and Grace intended, in executing *54 the separation agreement dated September 22, 1975, to provide for unallocated payments for the support and maintenance of the divorced wife and the minor children in accordance with the holding of Lester. Indeed, paragraph 5 of the separation agreement provided in part that the payments were "based on the assumption that the present Federal and Maryland income tax laws, permitting deduction of maintenance and support payments by the payor and taxing them to the payee, shall continue in full force and affect and that all of such payments shall be deductible by Husband and taxable to Wife." The controversy between the parties centers around the effect of the subsequent Decree of Divorce entered by the Circuit Court for Baltimore County -- which decree allocated $350, of the $750 monthly payments, towards the support of each child, and $50 for the maintenance and support of the divorced wife -- on the separation agreement. We must determine which document is controlling for Federal income tax purposes, the separation agreement or the divorce decree. Petitioners contend that the separation agreement was not merged into the divorce decree and remained a validly existing agreement *55 pursuant to the terms of which the payments herein at issue were made. Respondent argues that the separation agreement was incorporated and merged into the divorce decree. The separation agreement was, the argument follows, superseded by the decree, which decree determined James and Grace's duties towards one another and the characterization, for tax purposes, of the periodic payments. Federal courts will look to state law to interpret legal interests and rights. Tracy v. Commissioner,70 T.C. 397, 402 (1978). Cf. Helvering v. Stuart317 U.S. 154, 161 (1942), modified 317 U.S. 602 (1942).In doing so the best authority is the highest court of the state. In absence of a decision by that court, proper regard will be given to the rulings of other state courts. Cf. Commissioner v. Estate of Bosch,387 U.S. 456, 465 (1967). Article 16, section 28, [9] Md. Ann. Code (1957), provided as follows during the years in issue: Sec. 28. Effect of agreement and settlements between parties. Any deed or agreement made between husband and wife respecting alimony, support, maintenance, property rights, or personal rights, or *56 any settlement made in lieu of alimony, support, maintenance, property rights or personal rights shall be valid, binding and enforceable to every intent and purpose, and the deed or agreement may not be a bar to an action for divorce, either a vinculo matrimonii or a mensa et thoro, as the case may be, whether the cause for divorce existed at the time or arose prior or subsequent to the time of the execution of the deed or agreement, or whether at the time of making the deed or agreement the parties were living together or apart. However, whenever any deed or agreement shall make provision for or in any manner affect the care, custody, education or maintenance of any infant child or children of the parties, the court has the right to modify the deed or agreement in respect to the infants as to the court may seem proper, looking always to the best interests of the infants. Furthermore, any provision in the deed or agreement in respect to alimony, support and maintenance of the husband or wife is subject to modification by the court to the extent the court deems just and proper regardless of the manner in which the provisions with respect to the alimony, support and maintenance are *57 expressed or stated unless there is an express waiver of alimony, support and maintenance by the husband or wife or unless the provisions of the deed, agreement, or settlement specifically state that the provisions with respect to the alimony, support and maintenance of the husband or wife are not subject to any court modification. Under Maryland law where a separation agreement provides that it shall be incorporated but not merged in the divorce decree it is obvious that the parties did not intend merger and the agreement survives as a separate and independent contract arrangement between the parties. Johnston v. Johnston,297 Md. 48, 465 A.2d 436, 440 (1983). In Johnston v. Johnston,supra, the Court of Appeals of Maryland stated: [W]here * * * the agreement does not include a non-merger clause and it is incorporated in the decree, the agreement is superseded by the decree. See also Wallace v. Wallace, 1 Hawaii Ct. App. 315, 619 P.2d 511, 513 (1980); *58 Bowman v. Bennett,250 N.W.2d 47, 50 (Iowa 1977). The agreement, once incorporated and merged in the decree is enforceable through contempt proceedings and may be modified by the court. See, e.g., Early v. Early,6 Ariz. App. 110, 430 P.2d 456, 460-61 (1967); Flynn,supra.It has also been stated that where the court incorporates the agreement as a whole, including the non-merger clause, the court approves the clause against merger so that the contract survives. See 24 Am. Jur. 2d, Divorce and Separation, § 908 (1966); accord McNelis,supra, 367 P.2d at 632. It is undisputed that pursuant to Maryland Rule S77, § b a separation agreement may be incorporated in the divorce decree. Moreover, there are numerous cases previously decided by this Court that firmly establish that once incorporated, the contractual provisions become part of the decree, modifiable by the court where appropriate and enforceable through contempt proceedings. * * * On the other hand, it appears to be well settled that separation agreements not incorporated in divorce decrees remain separate enforceable *59 instruments * * *. [465 A.2d at 440; footnote omitted.] Paragraph 16 of the separation agreement provided that the said agreement was to be submitted to any court taking jurisdiction over any action filed by either party for * * * divorce, and if feasible, shall be incorporated in any judgment, order or decree entered in any such action, in lieu of any other provisions relating to alimony, attorneys fees or the Wife's maintenance and support. [Emphasis supplied.] It further provided that should (1) the provisions of the separation agreement, other than those pertaining to child support and child custody, not be incorporated in the judgment, order, or decree, and (2) the said judgment, order, or decree contained terms inconsistent with the terms of the separation agreement, James and Grace waived any such other provisions (see our findings of fact, supra). It is clear to us that James and Grace intended that the separation agreement be incorporated to the divorce decree. The contingent provision contained in paragraph 16 of the separation agreement never became operative as the decree did incorporate the provisions of the said agreement. Petitioners *60 do not argue, and we do not think that paragraph 16 of the agreement constitutes a non-merger clause, such as the one contained in Johnston v. Johnston,supra.[10] See Jamilos v. Hamilos,297 Md. 99, 465 A.2d 445, 447 (1983); Luhmann v. Luhmann,37 Md. App. 185, 376 A.2d 1141 (1977). The separation agreement was incorporated to the divorce decree in accordance with the intention of James and Grace, as expressed by the provisions of the agreement, and merged into and superseded by the divorce decree. Johnston v. Johnston,supra.It follows that the divorce decree is controlling for Federal income tax purposes. *61 Petitioners contend that it was not intended that the separation agreement be merged into the divorce decree. They argue that the intention of the parties in this respect is determinative, relying on the statement of the Maryland Court of Appeals in Johnston v. Johnston,supra, that "where the parties intend a separation agreement to be incorporated but not merged in the divorce decree, the agreement remains a separate, enforceable contract and is not superseded by the decree." [465 A.2d at 441] We conclude that the intention of the parties was expressed in paragraph 16 of the separation agreement. We note that the Supreme Court in Lester looked exclusively to the language contained in the decree, instrument, or agreement and refused to consider extrinsic evidence of the spouses intent. Commissioner v. Lester,supra at 305. Even assuming, arguendo, that the separation agreement was not merged into and superseded by the divorce decree, as contended by petitioners, when both the divorce decree and the separation agreement are effective and enforceable, it is necessary only that one or the other of the instruments "fix" *62 the amount payable for support of the husband's minor children. Thomson v. Commissioner,42 T.C. 825, 833 (1964), affd. sub nom. Metcalf v. Commissioner,343 F.2d 66 (1st Cir. 1965). [11] Section 71(b) is written in the disjunctive. The fixing of payments in the divorce decree overrides the lack of specificity in the separation agreement. Petitioners contend that the provisions of the divorce decree are ambiguous. Petitioners argue, further, that we must refer to the provisions of the separation agreement in interpreting the provisions of the divorce decree. We do not agree with petitioners. The terms of divorce decree are not ambiguous; on the contrary they "expressly specify or 'fix' a sum certain or percentage of the payment for child support." Commissioner v. Lester,supra at 303. We hold that the payments under the divorce decree ordered specifically for the support of petitioner's minor children are within the purview of *63 section 71(b) and are therefore not deductible under section 215(a). [12]
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Petitioner James B. Platt, III filed a separate return for 1976. Petitioners filed a joint return for 1977. Respondent did not issue a notice of deficiency for the year 1976 to petitioner Victoria Platt.↩
2. Section 625, Chapter 600, Md. Ann. Code (1957).↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
4. Section 215 was amended by section 422(b) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 797. The amendment applies to divorce or separation agreements (as defined in section 71(b)(2), as amended) executed after December 31, 1984, or executed before January 1, 1985, and modified on or after such date if the modification expressly provides that the amendments to section 215 apply to such modification. The said amendment is inapplicable to the facts herein, and references to section 215 are to this section prior to its amendment. ↩
5. Section 71 was amended by section 422(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 795. The amendment applies to divorce or separation agreements (as defined in section 71(b)(2), as amended) executed after December 31, 1984, or executed before January 1, 1985, and modified on or after such date if the modification expressly provides that the amendments to section 71 apply to such modification. The said amendment is inapplicable to the facts herein, and references to section 71 are to this section prior to its amendment.↩
6. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of Divorce or Separate Maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
7. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * * (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
8. For divorce or separation agreements executed after December 31, 1984, Congress has overruled Commissioner v. Lester,366 U.S. 299↩ (1961), to the extent that the amount by which support is reduced upon contingencies involving a child are now treated as "fixed." See section 71(c), as amended by section 422(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 795. The aforesaid is also true with respect to divorce or separation agreements (as defined in section 71(b)(2), as amended) executed before January 1, 1985, and modified on or after such date if the modification expressly provides that the amendments to section 71 apply to such modification.
9. Repealed by 1984 Md. Laws, ch. 296, sec. 1, effective October 1, 1984. See section 8-101 et seq., Md. Fam. Law Code Ann. (1984), for provisions similar to those repealed.↩
10. The separation agreement at issue in Johnston v. Johnston,297 Md. 48, 465 A.2d 436 (1983) was made in contemplation of divorce and recited as follows: This agreement shall be offered in evidence in any such suit, and if acceptable to the court, shall be incorporated by reference in the decree that may be granted therein. Notwithstanding such incorporation, this agreement shall not be merged in the decree, but shall survive the decree, but shall survive the same and shall be binding and conclusive on the parties for all time. The agreement also provided: "No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement." [465 A.2d at 437↩]
11. See also Fosburg v. Commissioner,T.C. Memo. 1971-186; Ward v. Commissioner,T.C. Memo. 1979-252, reconsideration denied T.C. Memo. 1979-378↩.
12. Under sec. 71(b), payments which comprise both alimony and child support are allocated first to child support. Sec. 1.71-1(c), Income Tax Regs.; Bodine v. Commissioner,T.C. Memo. 1984-143; Hau v. Commissioner,T.C. Memo. 1983-471↩.