**In the Matter of John F. & Nadene YOUNGCOURT, Debtors.**

**Bankruptcy No. 87–3626–8B3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 1, 1988.

Chris Limberopoulos, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., trustee.

Dennis I. Moore, Asst. U.S. Atty.

### ORDER ON OBJECTION TO PROOF OF CLAIM

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came to be heard on an Objection to the Proof of Claim filed by the Internal Revenue Service (IRS) for income tax deficiencies. The matter under consideration is whether the claim has priority pursuant to 11 U.S.C. § 507(a)(7).

On July 31, 1986, John F. and Nadene Youngcourt (Debtors), filed a Chapter 13 Bankruptcy petition. Two Chapter 13 Plans were subsequently filed. The first Plan was filed on August 19, 1986. The second Plan, filed September 5, proposed payment to the IRS, as unsecured creditor, a priority claim of $7,621.00 and a non-priority claim of $60,000.00.

On October 28 the IRS timely filed its Proof of Claim for the tax years 1978 through 1984. The Proof of Claim depicted an unsecured priority debt of $89,645.82 consisting of $41,801.00 taxes due, $34,-757.07 interest due, and $13,087.75 penalty due. On November 12, 1986, the Debtors filed an Objection to the Proof of Claim alleging the claim was non-priority and the amount due incorrect.

On January 29, 1987 an order denying confirmation was entered and the Debtors were given 30 days to file an amended Plan. A tangled web of events occurred after this point. Several days after expiration of the 30–day period, the Debtors filed

a motion to extend the time to file an amended Chapter 13 Plan. They alleged negotiations were in progress with the IRS. These negotiations were consummated on March 12, 1987, when the Debtors and the Chief Appeals Officer of the IRS signed IRS Form 870–AD, Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment. The amount agreed upon by the parties is set out below. It is this amount the Debtors assert as the correct amount of the IRS claim.

### Form 870–AD

### Offer of Waiver of Restriction

(Alleged Unsecured Nonpriority Claim)

| Year Ended | Tax | IRS Section 6659 |
|---|---|---|
| 12–31–78 | $ 3,983.00 | $ 896.00 |
| 12–31–79 | 6,432.00 | 1,447.00 |
| 12–31–80 | 11,526.00 | 2,593.00 |
| 12–31–81 | 5,557.00 | 1,250.00 |
| 12–31–82 | 4,512.00 | 451.00 |
| [TOTAL | $32,010.00 | $6,637.00] |

[GRAND TOTAL = $38,647.00]

Since the Debtors did not file their amended Plan within the 30–day period as ordered by the Court, the case was dismissed without prejudice. The dismissal, dated March 19, 1987, did not become effective until 10 days later (March 29), per order of the Court. On April 3, the Debtors filed a motion to set aside the dismissal.

On April 9, the Court entered an order granting the motion to extend the time to file the Amended Chapter 13 Plan to May 1. The Plan was timely filed. On May 14, the Debtors withdrew their Objection to the IRS Claim. It is inferred this decision was based upon the agreement between the parties evidenced by the executed Form 870–AD. The next day, May 15, the IRS assessed the Debtors. The assessed amount did not agree with Form 870–AD.

On June 11 the Court denied the motion to set aside the March 19 order dismissing the case.

If at first no one succeeds, try, try again. And the Debtors did. Another Chapter 13 petition accompanied by a Chapter 13 Plan was filed on July 2, 1987. The IRS filed three superseding Proofs of Claim. Only the last one, filed January 12, 1988, is relevant here. On November 2, 1987, the Debtor filed their Objection to the IRS claim, again alleging the amount due as incorrect and non-priority in nature. The third and final Proof of Claim, filed January 12, 1988, is set out below. It is the amount set out in this Proof of Claim for tax and interest the IRS alleges as their priority claim. The IRS conceded at the February 3 hearing the penalty was nonpriority. The IRS filed a post hearing memorandum and documents in support of their position followed by a response from the Debtors.

### IRS Proof of Claim

(Alleged Unsecured Priority Claim for Tax and Interest)

| Tax Period | Date Tax Assessed | Tax Due | Interest Due |
|---|---|---|---|
| 12–31–78 | 5–15–87 | $ 3,983.00 | $ 5,722.30 |
| 12–31–79 | 5–15–87 | 6,432.00 | 8,470.54 |
| 12–31–80 | 5–15–87 | 11,526.00 | 12,887.84 |
| 12–31–81 | 5–15–87 | 5,557.00 | 4,969.62 |
| 12–31–82 | 5–15–87 | 4,512.00 | 2,626.04 |
| 12–31–84 | Prohibited [pursuant to 11 U.S.C. § 362] | 6,099.00 | 1,520.39 |

[TOTAL TAX DUE = $38,109.00]
[TOTAL INTEREST DUE = $36,196.73]
[TOTAL PENALTIES = $8,825.87]
[GRAND TOTAL DUE for the period 1978–1984 = $83,131.60]

The bankruptcy court has jurisdiction under the Bankruptcy Act to determine all disputes regarding the amount and validity

of taxes claimed in a proceeding under the Bankruptcy Act. 11 U.S.C. § 505.

There is no dispute some amount of money is due to the Internal Revenue Service. Their claim is unsecured. The issues challenging this Court are (1) what amount is due and (2) whether this amount is a priority claim pursuant to 11 U.S.C. § 507(a)(7)(A). A determination of priority status is significant in a Chapter 13 case because all priority claims must be paid in full over the life of the Plan. 11 U.S.C. § 1322(a)(2). Otherwise, the Debtors' Plan may not be confirmed. See *In re Carter*, 74 B.R. 613, 615 (Bankr.E.D.Pa.1987).

Income tax claims are given priority if assessed within 240 days before the date the petition was filed or assessable after the commencement of the case. 11 U.S.C. § 507(a)(7)(A)(ii) and (iii).

The Debtors' first petition was dismissed without prejudice on March 29, 1987. The IRS assessed the taxpayer on May 15, 1987. Since the case was dismissed, the assessment was proper and did not violate the automatic stay imposed by 11 U.S.C. § 362. A new petition was filed on July 2, 1987. The May 15 assessment was made within 240 days of this date. Yet, a closer look at the facts and record indicates that the May 15 assessment was beyond the three (3) year statute of limitations for assessment allowed by the Internal Revenue Code.

■ As a general rule, a taxpayer must be assessed, if at all, within three years after the tax return is filed. 26 U.S.C. § 6501(a). The testimony of the Internal Revenue Officer indicated the returns were timely filed. The earliest time a return is deemed filed for a calendar-year taxpayer is on April 15 of following year. 26 U.S.C. § 6501(b). As such, the relevant dates in this case would be:

| Tax year | Last Date to Assess |
|---|---|
| 1978 | 4–15–82 |
| 1979 | 4–15–83 |
| 1980 | 4–15–84 |
| 1981 | 4–15–85 |
| 1982 | 4–15–86 |
| 1984 | 4–15–88 |

This period can be extended by an written agreement between the parties if executed before the statute of limitation expires. 26 U.S.C. § 6501(c)(4). No specific type of agreement is specified in the Code. The IRS failed to support its assessment as depicted in the Proof of Claim by presenting evidence of an extension agreement at the hearing or establishing such evidence in the record. Therefore, it is this Court's opinion the assessment set out in the Proof of Claim for the period 1978 through 1982 is in violation of the Internal Revenue Code and is not properly assessed. As such, the assessment cannot be considered a priority claim.

The Debtors, however, introduced into evidence Form 870–AD, an agreement which, in effect, waived the restriction on assessment and collection for the tax years 1978 through 1982. Pursuant to the terms of the document, the Debtors consented to the assessment and collection of deficiencies as stated therein and to the interest associated with the deficiency as provided by law. The agreement, signed on March 12, 1987, was executed outside the statute of limitations and cannot be considered enforceable as a priority claim for the periods 1978 through 1982. The question arises as to whether the execution of Form 870–AD extends the statute of limitations. It is this Court's opinion it does not. Form 870–AD is in the nature of a settlement agreement versus an extension of the statute of limitations by agreement. By executing the form, the Debtors waived only the statutory notice requirement provided by Section 6213(a) of the Internal Revenue Code. Rev.Rul. 66–17, 1966–1 C.B. 272. Therefore, based on the evidence provided by the Debtors and lack of evidence provided by the IRS, this Court is satisfied the claims for these years were not supported by a valid extension pursuant to 26 U.S.C. § 6501(c)(4), therefore, not properly assessed within 240 days before the petition was filed or assessable after commencement of the case. As such, the claim is not entitled to priority.

■ The statute of limitations for the 1984 tax year expired on April 15, 1988.

Until that time the 1984 tax was assessable by operation of law. Pursuant to 11 U.S.C. § 362, the automatic stay tolls the statute of limitations and prohibits assessment of the tax. Consequently, the statute of limitations was tolled when the petition was filed on July 2, 1987, and the tax remains assessable until the stay is lifted by order of the Court. As such, this Court is satisfied that the tax for the 1984 tax year is entitled to priority.

■ The Court finds the claim is a nonpriority claim for the tax years 1978–1982 because of improper assessment. What is the proper amount of the IRS nonpriority claim? The Debtors challenge the IRS Proof of Claim and assert the correct amount of the claim is reflected in Form 870–AD, Offer of Waiver of Restrictions executed on March 12, 1987. The government asserts the Proof of Claim is prima facie evidence of the correctness of the amount contained therein. While there is merit in the government's position, this Court is satisfied the Debtors have overcome the presumption. The Debtors admitted into evidence Form 870–AD, signed by the Debtors and the Chief Appeals Officer of the Internal Revenue Service. This agreement represented a compromise between the IRS and the Debtors executed prior to the IRS' unilateral assessment. The Court gives more weight to this agreement, and finds the amount due to the Internal Revenue Service for the tax years 1978 to 1982 is reflected in Form 870–AD. This amount includes $32,010.00 tax due, plus $6,637.00 penalty, plus interest as calculated pursuant to Section 6601 of the Internal Revenue Code.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED the claim for the tax years 1978 through 1982 is a non-priority claim in the amount of $38,647.00 (tax and penalty pursuant to Form 870–AD), plus interest to be calculated pursuant to 26 U.S.C. § 6601. The Court finds the 1984 claim is a priority claim in the amount as set out in the Proof of Claim for $6,099.00 plus applicable interest and a nonpriority claim for the amount

of penalty as calculated pursuant to the Internal Revenue Code. It is further

ORDERED, ADJUDGED AND DE-CREED the Internal Revenue Service is hereby directed to issue a statement to this Court and Debtors setting forth the amount of interest calculated for the tax years 1978 through 1982 and the amount of interest and penalty for the tax year 1984.