**In re John F. & Nadene YOUNGCOURT, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**John F. & Nadene YOUNGCOURT, Appellees.**

**No. 88–1071–Civ–T–13A.**

United States District Court, M.D. Florida, Tampa Division.

March 15, 1990.

Hillary B. Burchuk, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Chris M. Limberopoulos, Tampa, Fla., for John F. Youngcourt.

## ORDER

KOVACHEVICH, District Judge.

The Court entertains the present appeal from the Bankruptcy Court pursuant to 28 U.S.C. section 158(a). Appellant, the United States, appeals from the Bankruptcy Court's denial of priority status for appellant's income tax claims. The parties agree that the issue presented is wholly one of law and that the standard of review for this Court to apply is de novo. For the reasons set forth herein, the Court holds that appellant's claims for taxes in the amount of $32,010 for the years 1978 through 1982, plus interest, are unsecured priority claims provided for by section 507(a)(7)(A)(ii) of the Bankruptcy Code.

John and Nadene Youngcourt, debtors and appellees herein, filed two Chapter 13 Bankruptcy petitions. The first petition was dismissed on March 29, 1987, and the second petition was filed on July 2, 1987. On May 15, 1987, in the interim between the dismissal of the first petition and the filing of the second, the Internal Revenue Service (IRS) assessed appellees for unpaid taxes for the years 1978 through 1982. The Bankruptcy Court found that the IRS' assessment did not violate the automatic stay imposed by 11 U.S.C. section 362 and that the assessment was made within 240 days of the second petition, 86 B.R. 715. Order of June 1, 1988 at 717. Assessments made within 240 days of the filing of a bankruptcy petition are entitled to priority status pursuant to 11 U.S.C. section 507(a)(7)(A)(ii). Thus, the IRS' claim which is founded on the assessment of May 15, 1987 is a priority claim if the May 15 assessment was proper.

The Bankruptcy Court held that the May 15 assessment was not proper because it was made after the statute of limitations had run. Order of June 1, 1988 at 717. The general statute of limitations for tax returns filed on or before April 15 of the year after the reported year is April 15 of the third year following the filing. See 26 U.S.C. § 6501(a)–(b). Appellees filed their returns on or before April 15 of the following year for the years 1978 through 1982. Order of June 1, 1988 at 717. Therefore, the statute of limitations for each of those years is as follows:

| Tax Year | Last Date to Assess |
|---|---|
| 1978 | 04/15/82 |
| 1979 | 04/15/83 |
| 1980 | 04/15/84 |
| 1981 | 04/15/85 |
| 1982 | 04/15/86 |

Yet the IRS assessed taxes for all these years on May 15, 1987—a date beyond the limitations period for each of the years 1978 through 1982. Nonetheless, through the operation of two exceptions to the gen-

eral rule, the May 15 assessment was proper as to all five years in question.

■ Before the running of the three year limitations period, taxpayers may agree in writing to extend the time for assessing taxes. 26 U.S.C. § 6501(c)(4). Appellees signed such agreements, labeled 872–A(C) forms, for the years 1980, 1981, and 1982 extending the limitations period indefinitely.[1] The agreements were signed within the original limitations period for each year:

| Tax Year | Last Date to Assess | Date of Consent to Extend Period |
|---|---|---|
| 1980 | 04/15/84 | 11/30/83 |
| 1981 | 04/15/85 | 12/01/84 |
| 1982 | 04/15/86 | 04/03/86 |

Because appellants voluntarily extended the period in which the IRS could properly assess taxes for the years 1980, 1981, and 1982, and because they did not cancel that agreement, the assessment made on May 15, 1987 was proper pursuant to section 6501(c)(4).

■ Though the three 872–A(C) forms were in the file attached to appellant's post-hearing memorandum, the Bankruptcy Court apparently overlooked them in finding that "[t]he IRS failed to support its assessment as depicted in the Proof of Claim by presenting evidence of an extension agreement at the hearing or establishing such evidence in the record." Order of June 1, 1988 at 717. The Bankruptcy Court did refer to a different agreement between the parties, a 270–AD form signed on May 12, 1987, which was in essence a settlement agreement regarding the amount of taxes to be assessed. The Bankruptcy Court held that the 270–AD agreement did not act to extend the statute of limitations. This Court agrees that the 270–AD form did not extend the statute of limitations. However, the statute of limitations was extended for the years 1980, 1981, and 1982 by the signed 872–A(C) forms.

■ The May 15, 1987 assessment was also proper as to the years 1978 and 1979 by operation of another limitations exception. The assessment of additional taxes for 1978 and 1979 was the result of operat-

ing losses from the years 1980 through 1982 that appellees had carried back as deductions for 1978 and 1979. Assessments for additional taxes due to carryback loss deductions are subject to assessment during the entire period that assessment is possible on the underlying tax year. 26 U.S.C. § 6501(h). In this case, since the carryback losses taken on the 1978 and 1979 tax returns were attributable to losses generated in 1980, 1981, and 1982, the 1978 and 1979 carryback losses were subject to the same statute of limitations period as was applicable to the 1980, 1981, and 1982 returns. The extensions of time for assessments signed by appellees also operated to extend the time for assessments due to carryback deductions on previous returns. As a result, the May 15, 1987 assessments against the 1978 and 1979 returns were proper since they were due to carryback deductions earned in 1980, 1981, and 1982.

Accordingly, it is ORDERED:

1. The Bankruptcy Court's order of June 1, 1988 is reversed.

2. This case is remanded for further proceedings in conformity with this decision.

DONE AND ORDERED.

---

**1.** Appellees were permitted to cancel the agree-    ment upon 90 days notice.