**In re Thomas B. BLAKE, Jr., Debtor.**

**Thomas B. BLAKE, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–01040–APG. Adv. No. 92–00110–APG.**

United States Bankruptcy Court, M.D. Alabama.

Dec. 3, 1992.

F. Patrick Loftin, Phenix City, AL, for plaintiff.

Patricia Allen Conover, Asst. U.S. Atty., Montgomery, AL, for defendant.

## OPINION ON COMPLAINT

A. POPE GORDON, Bankruptcy Judge.

The debtor commenced this adversary proceeding on April 28, 1992 to determine the dischargeability of income taxes under 11 U.S.C. § 523(a)(1).

The parties submitted this proceeding to the court based on documentary evidence, oral arguments, and the parties' joint pretrial statement filed November 2, 1992.[1]

The debtor filed a petition under chapter 7 on March 4, 1992. On April 2, 1992, Internal Revenue Service issued a statutory notice of tax deficiency to the debtor for the years 1981, 1982 and 1983 in the amounts of $6,762.50, 6,762.50, and $6,586.34, respectively.[2]

11 U.S.C. § 523(a)(1)(A) does not discharge income taxes "... not assessed before, but assessable, under applicable law or by agreement, after[ ], [sic] the commencement of the case." 11 U.S.C. § 507(a)(7)(A)(iii).

The Service did not assess the income taxes referenced above prior to the commencement of the bankruptcy case.

The issue is whether the taxes are currently "assessable." If the taxes are currently assessable, the taxes are excepted from discharge.

Generally, the Service has three years after a tax return is filed to assess a tax. 26 U.S.C. § 6501(a). However, the Service and taxpayer may agree in writing to extend the time for assessment. The agreement must be executed before the expiration of the time for assessment. See 26 U.S.C. § 6501(c)(4).

In the instant case, the debtor signed an agreement for each tax year in question designated "Special Consent to Extend the Time to Assess Tax" (Form 872–A). The

---

**1.** This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**2.** The filing of a petition does not operate as a stay of "the issuance to the debtor by a governmental unit of a notice of tax deficiency." 11 U.S.C. § 362(b)(9).

debtor signed the agreements within the applicable limitation periods.[3]

With specified exceptions, the agreements extended indefinitely the time for the Service to assess the taxes.[4] *See In re Youngcourt,* 117 B.R. 689 (M.D.Fla.1990) (similar agreement upheld).

The Service contends that the taxes are currently assessable because the extension agreements are in full force and effect.

The debtor concedes his execution of the extension agreements but contends that the agreements terminated in February 1987 or shortly afterward pursuant to paragraph 2 of each of the three agreements which provides in part as follows:

> This agreement ends on the earlier of ... the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration.

The debtor is referring to the disposition of litigation relating to his tax liability for the years 1979 and 1980. The litigation ended in February 1987 by a ruling of the Eleventh Circuit Court of Appeals.[5]

If the debtor signed the agreements pending resolution of the above-referenced litigation, the debtor simply failed to terminate the agreements once the litigation ended.[6]

The debtor has not pointed out how under paragraph 2 the end of the litigation could otherwise have terminated the agreements. Indeed, the 1983 agreement was executed after the Eleventh Circuit case was decided.[7]

Under the debtor's argument, the extension agreement relating to tax year 1983 terminated before it was executed. The debtor's argument is inconsistent with his actions.

Even though the automatic stay currently prohibits the making of an assessment,[8] the taxes are still "assessable" because the limitation period for assessments has not run.[9]

The taxes are not discharged.

A separate order in consonance with this opinion will enter.

---

**3.** The filing dates of the debtor's returns, the assessment bar dates, and the dates of the extension agreements are as follows:

| Tax Year | Tax Return Filing Date | Assessment Bar Date | Date of Agreement |
|---|---|---|---|
| 1981 | April 15, 1982 | April 15, 1985 | December 27, 1984 |
| 1982 | April 15, 1983 | April 15, 1986 | December 13, 1985 |
| 1983 | August 17, 1984 | August 17, 1987 | May 11, 1987 |

**4.** For example, either the debtor or the Service could terminate the agreements upon 90 days notice by executing a "Notice of Termination of Special Consent to Extend the Time to Assess Tax" (Form 872–T). Neither party elected to terminate the agreements by executing a Form 872–T.

**5.** *See Blake v. Commissioner,* 808 F.2d 1454 (11th Cir.1987), decided February 2, 1987. At issue was the debtor's tax liability on periodic payments pursuant to a divorce settlement. The parties assert that the ruling is applicable to the debtor's tax liability for the years 1981 through 1983 on similar payments.

**6.** *See supra* note 4.

**7.** The extension agreement for 1983 taxes was executed in May 1987; the case was decided in February 1987. *See supra* note 3.

**8.** 11 U.S.C. § 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before *the commencement of the case* under this title."

**9.** The agreements provide the following:

> [I]f a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax ... will end 60 days after the period during which the making of an assessment was prohibited.

This provision is consistent with 26 U.S.C. § 6503(a) which provides as follows:

> The running of the period of limitations provided in section 6501 or 6502 on the making of assessments ... [shall] be suspended for the period during which the Secretary is prohibited from making the assessment ... and for 60 days thereafter.