

Roger L. Waltemyer, Ft. Myers, FL, for debtors/plaintiffs.

Philip Doyle, Washington, DC, and Robert W. Genzman, Tampa, FL, for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is the dischargeability of certain tax obligations owed by the Plaintiffs to the United States of America (Government) for the calendar years 1987, 1988, and 1989. In its single count complaint, Mr. and Mrs. Greco (Debtors) contend that their tax obligations are dischargeable pursuant to 11 U.S.C. § 727(a). In its amended answer, the Government contends that the Debtor's tax obligations are excepted from discharge by operation of 11 U.S.C. § 523(a)(1)(A). Debtors filed a motion for summary judgment. The Government then filed its own cross-motion for summary judgment contending that there are no genuine issues of material facts and that they are entitled to a judgment as a matter of law.

**In re Leonard M. GRECO and Joan Greco, Debtor.**

**Leonard M. GRECO and Joan Greco, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 93–7529–9P7.**

**Adv. No. 93–717.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 16, 1994.

The facts of this case are indeed undisputed. The Debtors filed federal income tax returns for 1987, 1988, and 1989 on or about April 17, 1990, April 17, 1990, and April 15, 1990, respectively. There is no dispute that the tax returns for 1987 and 1988 were filed late. Based upon the returns filed by the Debtors, the IRS made the following assessments:

Date of
For 1987          Assessment: June 4, 1990
Tax .................................. $6,363.00
Est. Tax Penalty .................... $  343.66
Delinquency Penalty ................ $1,431.68
Failure to pay tax penalty ......... $  827.19
Interest ........................... $1,978.24
*Fees & Costs ...................... $   12.00

Date of
For 1988          Assessment: June 4, 1990
Tax .................................. $8,453.00
Est. Tax Penalty .................... $  541.00
Delinquency Penalty ................ $1,901.93
Failure to Pay Tax Penalty ........ $  591.71
Interest ........................... $1,348.32

Date of
For 1989          Assessment: June 11, 1990
Tax .................................. $6,286.00
Est. Tax Penalty .................... $    4.00

*Fees & Costs were assessed on October 22, 1990.

Subsequent to the June 1990 assessments, the IRS audited the Debtors tax returns for the three years in question. As a result of that examination, the IRS made the following assessments against the Debtors:

Date of
For 1987       Assessment: February 22, 1993
Audit Deficiency of Tax ........... $15,188.00
Negligence Penalty ................ $ 5,910.09
Delinquency Penalty ............... $ 3,129.00
Miscellaneous Penalty ............. $ 5,388.00

Date of
For 1988       Assessment: February 22, 1993
Audit Deficiency of Tax ........... $15,120.00
Negligence Penalty ................ $ 1,179.00
Delinquency Penalty ............... $ 2,858.00
Miscellaneous Penalty ............. $ 5,893.00

Date of
For 1989       Assessment: February 22, 1993
Audit Deficiency of Tax ........... $11,602.00
Miscellaneous Penalty ............. $ 2,320.00
Interest .......................... $ 4,332.05
*Fees & Costs ..................... $   12.00

*Fees & Costs were assessed on August 2, 1993.

The Debtors filed their bankruptcy petition under Chapter 7 on July 23, 1993. The United States has not filed a proof of claim.

The claim of nondischargeability asserted by the United States Government is based on § 523(a)(1)(A) which provides:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or *507(a)(7)* of this title, whether or not a claim for such·tax was filed or allowed [ . . . ] (emphasis added).

Thus, the determination of whether the tax liability of the Debtors will be dischargeable will turn on the provisions of § 507(a)(7), specifically, § 507(a)(7)(A)(ii). That section reads as follows:·

**§ 507. Priorities**

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by *income* or gross receipts—

(ii) *assessed within 240 days,* plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, *before the date of the filing of the petition* [ . . . ] (emphasis added).

As a general rule, a taxpayer must be assessed, if at all, within three years after the tax return is filed. 26 U.S.C. § 6501(a). *Matter of Youngcourt,* 86 B.R. 715 (Bkrtcy. M.D.Fla.1988). The statute of limitations for the 1987, 1988, and 1989 tax years were, respectively, April 15, 1991, April 15, 1992, and April 15, 1993. In the instant case, the first assessment, based on the Debtor's returns, was made by the IRS in June of 1990, before the statute of limitations found in 26 U.S.C. § 6501 had run on any of the taxable years in question. The second assessment, made in February of 1993 and based on the same taxable years as the first assessment, was made well within 240 days before the petition for relief was filed. Based on the

forgoing, it is clear that the taxes in question are not within the overall protection of the general bankruptcy discharge available to individual debtors pursuant to § 727 of the Bankruptcy Code. *In re Oldfield*, 121 B.R. 249 (Bkrtcy.E.D.Ark.1990). Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary judgment filed by the Plaintiffs be, and is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Cross–Motion for Summary Judgment be, and is hereby, granted, and a final judgment will be entered in accordance with the forgoing.

DONE AND ORDERED.