[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11594
Non-Argument Calendar

_____

Agency No. 20423-04

ESTATE OF MARVIN E. GREENFIELD, DECEASED,
BARBARA GREENFIELD,
Personal Representative,
BARBARA GREENFIELD,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(October 23, 2008)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

The Estate of Marvin E. Greenfield and Barbara Greenfield (collectively "Estate") petition for review of a U.S. Tax Court decision sustaining the Commissioner of Internal Revenue ("Commissioner")'s determination as to the Estate's income tax deficiency. After carefully reviewing the parties' briefs, we deny the Estate's petition for review.

## BACKGROUND

Marvin E. Greenfield, who died in February 2006, and Barbara Greenfield, the personal representative of Marvin's estate, were husband and wife at all times relevant to this case. The Greenfields timely filed their joint 1982 individual income tax return. Their return included flow-through loses from various partnerships known as the Mast Realty Associates Partnership.

The Internal Revenue Service (IRS) audited the Mast Realty Associates Partnership and solicited from the Greenfields a Form 872-A, Special Consent to Extend the Time to Assess Tax, as to their 1982 tax return. Both the IRS and the Greenfields signed the form. The form provided that the amount of income tax due on the Greenfield's 1982 tax return could be assessed on or before the 90th day after the IRS office considering the case: (1) received from the Greenfields a Notice of Termination of Special Consent to Extend the Time to Assess Tax (Form 872-T); (2) mailed Form 872-T to the Greenfields; or (3) mailed a notice of deficiency to the Greenfields for the 1982 tax year, in which case the tax could be

2

assessed within 60 days after the period in which assessment was prohibited. The Greenfields never submitted a Form 872-T to the IRS as to the 1982 tax year.

In September 1992, Mr. Greenfield filed a Chapter 11 petition in bankruptcy court. The Commissioner filed a first proof of claim in the bankruptcy proceeding, asserting an unsecured priority claim of $27,687.45 for 1983 and 1984 and an unsecured general claim of $9,506.77 for those same years. Mr. Greenfield objected to the first proof of claim, claiming that he owed the IRS no money. The Commissioner consented to disallowing this first proof of claim. The Commissioner then filed an amended proof of claim, asserting an unsecured priority claim of $34,150.32 for 1983 and 1984.

In April 1994, Mr. Greenfield's Chapter 11 reorganization case became a Chapter 7 liquidation case. In August 1994, the Commissioner filed a third proof of claim, asserting an unsecured priority claim of $216,386.49 for 1983, 1984, and 1991 and an unsecured general claim of $19,601.28 for the same years. In November 1997, the bankruptcy court issued a discharge in Mr. Greenfield's bankruptcy case. In July 2000, the bankruptcy trustee paid the Commissioner $29,683.67 as to the Commissioner's unsecured priority claim of $216,386.49.

The IRS later determined that the Greenfields' distributive share of income from Mast Realty Associates Partnership should be increased by $62,186.00. In June 2004, the Commissioner sent the Greenfields a notice of deficiency for the

3

1982 tax year. The notice also indicated that the Greenfields were liable under I.R.C. § 6621(c) for an increased rate of interest because their investment in Mast Realty Associates Partnership was a tax-motivated transaction.[1]

The Greenfields petitioned the tax court for redetermination of the deficiency. They did not contest the deficiency amount. They submitted the case fully stipulated to the tax court for a decision without trial. The tax court found that the Commissioner timely submitted the notice. The court also sustained the IRS' determination as to the Estate's tax deficiency and liability for interest on that deficiency. The Estate now petitions for review of the tax court's decision.

## STANDARDS OF REVIEW

"We review the Tax Court's findings of fact for clear error, even where those facts are based on stipulations entered into by the parties." *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003). We review *de novo* the tax court's rulings on the interpretation and application of the Internal Revenue Code. *Feldman v. Comm'r*, 20 F.3d 1128, 1132 (11th Cir. 1994).

## DISCUSSION

The Estate raises three issues in this petition. We discuss each in turn.

I.

---

[1] The Commissioner subsequently determined that Mrs. Greenfield qualified under I.R.C. § 6015 for relief from any joint and several tax liability for 1982.

4

The Estate argues that the tax court failed to analyze Form 872-A in light of Mr. Greenfield's bankruptcy proceeding. The Estate argues that the tax court erroneously found that Form 872-A was a unilateral waiver of the three-year statute of limitations in which to assess a tax after the taxpayer files a return. *See* I.R.C. § 6501(a). The Estate suggests that Form 872-A is instead an executory contract. If Form 872-A were an executory contract, it would be deemed rejected if "the [bankruptcy] trustee does not assume or reject [it]." 11 U.S.C. § 365(d)(1). If the executory contract were rejected, then the IRS would be prohibited from assessing the Estate's 1982 tax deficiency. I.R.C. § 6501(a).

"When a taxpayer raises the affirmative defense of the statute of limitations, the taxpayer bears the burden to prove that defense." *Feldman*, 20 F.3d at 1132 (citation omitted). The statute of limitations in which to assess a tax may be extended by consent between the IRS and the taxpayer. I.R.C. § 6501(c)(4). "A consent to extend the statute of limitations under section 6501 'is essentially a voluntary, unilateral waiver of a defense by the taxpayer,' not a contract." *Feldman*, 20 F.3d at 1132 (citing *Stange v. United States,* 282 U.S. 270, 276, 51 S. Ct. 145, 147, 75 L. Ed. 335 (1931); *Kronish v. Comm'r*, 90 T.C. 684, 693 (1988)).

Although we have acknowledged that "contract principles are useful in assessing mutual assent" between the taxpayer and the Commissioner, *id.*, we have declined, like several of our sister circuits, to enforce attempted terminations of

5

Form 872-A extensions unless a party sends to the other a Form 872-T or the IRS issues a notice of deficiency to the taxpayer. *See,* e.g., *Coggin v. Comm'r*, 71 F.3d 855, 861-62 (11th Cir. 1996); *Silverman v. Comm'r*, 86 F.3d 260, 262-63 (1st Cir. 1996); *St. John v. United States*, 951 F.2d 232, 235 (9th Cir. 1991). *See also Bilski v. Comm'r*, 69 F.3d 64, 68 (5th Cir. 1995) (finding no reason in the context of bankruptcy to create an exception or to depart from the general rule that a Form 872-A Extension Agreement is an indefinite waiver of the statute of limitations, not a contract). The Estate has not met its burden in proving the statute of limitations defense.

## II.

The Estate argues that res judicata precludes the IRS from asserting the 1982 tax deficiency.[2] Since the Commissioner could have asserted in the bankruptcy proceeding the 1982 tax deficiency, but failed to do so, res judicata precludes the IRS from asserting that deficiency. Res judicata bars claims when: (1) "the prior judgment . . . was rendered by a court of competent jurisdiction . . ."; (2) the prior judgment was "final and on the merits"; (3) both cases involve the same parties or their privies; and, (4) both cases "involve the same cause of action . . . ." *In re Martin*, 490 F.3d 1272, 1276 (11th Cir. 2007). "[I]t [also] bars claims that could

---

[2]The tax court's memorandum opinion summarily found that the Estate's res judicata argument lacked merit.

have been litigated . . . ." *In re Atlanta Retail, Inc.*, 456 F.3d 1277, 1287 (11th Cir. 2006).

However, when a debtor files a bankruptcy petition, creditors have an opportunity to file proofs of claim. 11 U.S.C. § 501(a). The bankruptcy court may determine the amount or legality of any tax, any penalty relating to a tax, or any addition to the tax, whether or not previously assessed and whether or not paid. § 505(a)(1). A Chapter 7 debtor is generally granted discharge of all debts that arose before filing the bankruptcy petition "[e]xcept as provided in section 523 of this title." § 727(b). Section 523 provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a tax . . . of the kind and for the periods specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed . . . ." § 523(a)(1)(A). Section 507(a)(8) provides priority status for governmental claims for income tax that were "not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case . . . ." § 507(a)(8)(iii).

Here, the Commissioner's proof of claim included the tax liabilities only for tax years 1983, 1984, and 1991. Neither Mr. Greenfield nor a party in interest filed a proof of claim under § 501(c) to assert a 1982 tax deficiency on behalf of the Commissioner. Neither party moved under § 505(a) for the bankruptcy court to

7

determine the 1982 tax deficiency. Thus, the Estate's 1982 tax deficiency was not at issue in the bankruptcy proceeding. Since the bankruptcy court did not inquire into the merits of the 1982 tax deficiency, there was no final judgment as to that deficiency.

Although the Commissioner failed to assert the 1982 deficiency in Mr. Greenfield's bankruptcy proceeding, but could have, that deficiency was not a dischargeable debt. The 1982 tax deficiency was a priority tax under § 507(a)(8)(iii) because it had not yet been assessed but was still assessable by Mr. Greenfield's Form 872-A when he filed for bankruptcy. *Cf. In re Blake*, 154 B.R. 590, 591 (Bankr. M.D. Ala. 1992) (taxes were assessable at the commencement of the bankruptcy case, and thus excepted from discharge, because the period for assessment had been extended by Form 872-A). Accordingly, the Commissioner's failure to include the 1982 tax deficiency in a proof of claim did not render the nondischargeable tax dischargeable and did not preclude the Commissioner from assessing or collecting that tax after the bankruptcy discharge was granted. *See In re Gurwitch*, 794 F.2d 584, 585 (11th Cir. 1986). The Estate's res judicata argument is meritless.

III.

The Estate argues that if we find that the Commissioner timely sent the notice of deficiency and that the IRS may assert the 1982 tax deficiency, we should find that Form 872-A constitutes a waiver that extends only to the tax deficiency, not also to the interest on the tax deficiency. Following its position that Form 872-A is an executory contract, the Estate claims that the IRS should have ensured a meeting of the minds as to what "tax" meant on the form. Because there was no bargaining between the parties, the Estate further argues that it would be unconscionable for the IRS to impose a liability exceeding $350,000 based on the IRS' finding of a tax-motivated transaction.

Tax court case law holds that "tax" in Form 872-A includes penalties and interest. *See,* e.g., *Pleasanton Gravel Co. v. Comm'r*, 85 T.C. 839, 855 (1985) (citing *Picard v. Comm'r*, 28 T.C. 955, 961 (1957)). The Estate is thus liable for interest on "any amount of tax imposed by [the Internal Revenue Code] . . . not paid on or before the last date prescribed for payment . . . at the underpayment rate established under section 6621[,]" which establishes special increased interest rates for underpayments. I.R.C. § 6601(a). That interest "may be assessed and collected at any time" the IRS may collect the underlying tax. § 6601(g).[3] Thus, the tax

_____

[3]Other circuits have held that the IRS may collect the tax and interest even when it applies § 6621(c)'s enhanced rate of interest. *See,* e.g., *Field v. United States*, 381 F.3d 109, 111 (2d Cir. 2004).

court did not err in finding that Form 872-A constituted a waiver of the statute of limitations as to both tax and interest. Because we do not find that Form 872-A is an executory contract, we are unpersuaded by the Estate's meeting-of-the-minds and unconscionability arguments.

## CONCLUSION

We agree with the tax court that the Commissioner's notice of deficiency was timely. We also agree that the word "tax" in Form 872-A means both the Estate's income tax deficiency and the increased interest rate. Finally, we find that res judicata does not bar the Commissioner from asserting the Estate's 1982 tax deficiency. Therefore, we deny the Estate's petition for review of the tax court's decision.

**PETITION DENIED.**